RECEIVED

APR  5 2006

CLERK, U.S. DISTRICT COURT
FAIRBANKS, ALASKA

**Richard F. Reznak**
**P.O. Box 55129**
**North Pole, Alaska**
**Zip 99705**

                            **Case No. F05-0007 CV RRB**

**Plaintiff,**


**vs**


**Donald  H. Rumsfeld , Secretary  of**
**Defense ,in capacity as head of the**
**Army and Air Force Exchange Service.**


**Defendant ,**

## Motion to Compel


  **The Plaintiff requests assistance obtaining a meaningful production of**
**factual discovery information.  The  Defendant  provided  an erroneous**
**interpretation of AR 60-21/ AFJMAN 34-218. The RIF element that I was**
**assigned to was the AAFES Northern Alaska Area Exchange.  The area**
**encompasses  all Retail  Manager positions on Fort  Wainwright and on**
**the neighboring  Eielson Air Force Base. There is no distinction by type**
**facility the manager is assigned to in a RIF situation . The Defendant's**
**claim to have insufficient  information  to identify with  my claim is not**
**in full cooperation of my discovery request.  The  Defendants declines,**
**assertions  and denials , outlined  in the reply to my discovery request**
**are untactful and unacceptable. I have attached my Discovery Request**
**and the Defendants reply with my Motion to Compel. I  have included a**
**copy of the RIF action  letter in question at Exhibit 1.**

**Richard F. Reznak, Pro-Se**

**APES**

Ft. Wainwright Exchange
P.O. Box 35029
Ft. Wainwright, AK 99703

**FEW-GM**                                          13 April 2001

SUBJECT: Advance Notice of Demotion due to Reduction-in-Force

Mr. Richard Reznak
Store Manager (BR/GAS)
Fort Wainwright Service Station
Fort Wainwright, AK

1.  References:

    a. Chapters 3, 6 and 12, EOP 15-10, Managing Human Resources
    b. OMFC 9181-005, dated 6 April 2001.

2.  This is to notify you that due to a reduction-in-force (RIF, I propose to downgrade you from
    the position of Store Manager (BR/Gas), PB4/2, $26.50, RFT, 9181-1303, Ft., Wainwright
    Exchange, to the position of Store Manager (BR/GAS), PB3/2 $26.50, RFT, 9181-1303, Fort
    Wainwright Exchange, to be effective no earlier than 30 calendar days from your receipt of
    this advance notice.

3.  The basis for this demotion is the abolishment of your position due to high personnel costs at
    the Fort Wainwright Service Station and the need to reduce positions no longer needed. Since
    there are no vacant positions or positions filled by probationary associates at your current
    grade of PB4/2 for which you are qualified, the only option is to propose this non-disciplinary
    action.

4.  You were identified for this proposed action on the basis of your retention score on a
    reduction-in-force roster, which was prepared and executed in accordance with the above
    references.

5.  Based on your age and years of service, you are eligible for an Involuntary Early Retirement
    and may choose this option in lieu of downgrade.      Attached is a retirement annuity estimate.
    Should you choose to retire, submit your request within the reply period prescribed in
    paragraph 8 below. This action is voluntary and not subject to appeal.

6.  You have been in a position for at least one continuous year where the grade or rate of pay is
    higher than the highest level of the position to which you are being downgraded. Therefore,
    you are eligible for salary retention, not to exceed two years and not to exceed 150% of the
    maximum scheduled rate of pay authorized for the position you are being downgraded to. You
    are entitled to 100% of any pay adjustments resulting from revised salary or wage schedules
    for the new position that occur after the downgrade.

7.  You may reply to this advance notice either orally and/or in writing and may submit affidavits
    or other documents in support of your reply. You have the right to representation, at your
    expense, to prepare and/or present your reply. Your oral response, should you choose to make
    one, will be summarized in a memorandum which you and I will both sign.

*EXHIBIT 3*

8.  Your reply must be filed within 15 calendar days of your receipt of this notice of proposed action. If your written reply is mailed, it must be postmarked within the authorized 15-calendar day period. Upon your request and for good cause shown, I may extend the reply period up to additional 15 calendar days, not to exceed a total period of 30 calendar days from the date you receive this advance notice. Any reply received within the authorized reply period will be given full consideration before a final decision is made. I will make a written, final decision within 15 calendar days of my receipt of your reply; or if no reply is received within the authorized reply period, my written final decision will be made within 15 calendar days following expiration of the authorized reply period.

9.  Request you acknowledge receipt of this letter by signing and dating in the space provided on the attached copy and returning it to this office.

TERESA GENTRY
General Manager
Fort Wainwright Exchange

I acknowledge receipt.

_____        APRIL 16, 2001
Signature                                    Date

Richard F. Reznak
P. O. Box 55129                          February 16, 2006
North Pole
Alaska 99705

TO: Mr. Daniel R. Cooper
    Assistant U.S. Attorney
    Federal Building & U.S. Court House
    222 West Seventh Avenue # 9, Rm . 253
    Anchorage , Alaska 99513- 7567

                          Case No. F05-0007 CV RRB


                    Discovery

Dear Mr. Cooper,

   In accordance with the rules of Discovery,  please provide answers
and produce documents to satisfy the following discovery request :

1.  Explain why the following retail  positions were not applied to the
RIF Roster :

   Main Store Manager Fort Wainwright                 Grade  4 / 2
   Main Store Manager Eielson A. F. B                 Grade  4 /  2
   Sales & Merchandise Manager  Eielson A. F. B       Grade  4 / 1
   Sales & Merchandise Manager Fort Wainwright        Grade  4 / 1
   Operations Manager Fort Wainwright                 Grade  4 / 1
   Operations Manager Eielson A. F. B                 Grade  4 / 1

2. Explain why Mrs. Espsoito / House the  AAFES Human Resource
Manager for Alaska stated that  a RIF roster was accomplished in
accordance with AAFES regulations .

3. Was the assertion by Mrs. Esposito / House on the Advance Notice
of Demotion due to Reduction in Force letter that a  RIF Roster was in
fact prepared,  reviewed and approved by a higher authority ? If  not,
how did  this critical personnel action go unchecked ?

                          - 1 -

4.  The  4 / 2 position at Eielson A. F. B.  was occupied by a  female employee with  half  my retail experience and years of employment. The employee mentioned in this position rapidly advanced and was promoted up  through the ranks by  Mrs. Esposito / House  and  Mrs. Burmingham  the Area Manager.  If  a RIF Roster was accomplished based on  retention scores and seniority would I have logically been offered that position instead of a demotion or a RIF  retirement ?   I request the RIF scenario be completely and correctly reconstructed as a direct  means of comparison.

5.  All regulations considered , would  it be fair to access that  Mrs. Esposito / House 's choice not to produce a RIF roster  be considered discrimination  against  myself and other employees ?

6.  With regard to a statute of limitations ,  for each day  that  goes by where my pay and retirement status is incorrect , a new action arises and continues to extend itself.  AAFES has failed to address a serious matter and elevate it to the proper authorities without delay.   AAFES simply needs  to participate in the  administrative remedy process and stop trying to use what they are remise in as an argument against me.

7. My complaint obviously could have been resolved long ago but for the lack of proper investigation and inaction by the Defendant.  I highly recommend  that  the  trend of down grading my performance without any counseling records to support  those actions ,  be  fully addressed and also carefully reconsidered.

Richard F. Reznak

- 2 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| **RICHARD F. REZNAK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO.** |
| | § | **4:05-cv-0007-RRB** |
| **DONALD H. RUMSFELD, SECRETARY** | § | |
| **OF DEFENSE IN HIS CAPACITY** | § | |
| **AS HEAD OF THE ARMY AND** | § | |
| **AIR FORCE EXCHANGE SERVICE** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S
### REQUEST FOR DISCOVERY AND PRODUCTION OF DOCUMENTS

Defendant Donald H. Rumsfeld, Secretary of the United States Department of Defense, by Daniel

R. Cooper, Jr., Assistant U.S. Attorney for the District of Alaska, hereby responds to Plaintiff's

Request for Discovery and Production of Documents as follows:

**REQUEST FOR PRODUCTION NO. 1:**

Explain why the following retail positions were not applied to the RIF Roster:

| | |
|---|---|
| Main Store Manager Fort Wainwright | Grade 4/2 |
| Main Store Manager Eielson A.F.B. | Grade 4/2 |
| Sales & Merchandise Manger Eielson A.F.B. | Grade 4/1 |
| Sales & Merchandise Manager Fort Wainwright | Grade 4/1 |
| Operations Manager Fort Wainwright | Grade 4/1 |
| Operations Manager Eielson A.F.B. | Grade 4/1 |

**ANSWER:** The controlling regulation at the time was AR 60-21/AFJMAN 34-218. Section 4-15(a) of that regulation states in relevant part: "When employees are affected by a RIF, rosters will be prepared of all current employees within the same RIF element in the job titles identified as being affected..." Your job title at the time was Store Manager (BR/Gas). Therefore, the positions you identified were not part of the RIF element.

**PAGE 1**

**REQUEST FOR PRODUCTION NO. 2:**

Explain why Mrs. Esposito / House the AAFES Human Resource Manager for Alaska stated that a RIF roster was accomplished in accordance with AAFES regulations.

**ANSWER:** Defendant cannot answer this request because it does not sufficiently identify the time and location of the alleged statement. Defendant avers that Ms. Esposito did not complete a RIF Roster.

**REQUEST FOR PRODUCTION NO. 3:**

Was the assertion by Mrs. Esposito / House on the Advance notice of Demotion due to Reduction in Force letter that a RIF Roster was in fact prepared, reviewed and approved by a higher authority? If not, how did this critical personnel action go unchecked?

**ANSWER:** The RIF was properly reviewed by the appropriate authority. Since there was only one name involved, there was no ranking and therefore, no reason to prepare a RIF Roster.

**REQUEST FOR PRODUCTION NO. 4:**

The 4 /2 position at Eielson A.F.B. was occupied by a female employee with half my retail experience and years of employment. The employee mentioned in this position rapidly advanced and was promoted up through the ranks by Mrs. Esposito / House and Mrs. Burmingham the Area Manager. If a RIF Roster was accomplished based on retention scores and seniority would I have logically been offered that position instead of a demotion or a RIF retirement? I request the RIF scenario be completely and correctly reconstructed as a direct means of comparison.

**ANSWER:** This request calls for a conclusion based on facts outside those alleged in the complaint and outside the scope of this lawsuit. No RIF roster was prepared, and therefore any answer would be speculative. Therefore, the defendant declines to answer.

**REQUEST FOR PRODUCTION NO. 5:**

All regulations considered, would it be fair to access that Mrs. Esposito /House's choice not to produce a RIF roster be considered discrimination against myself and other employees?

**ANSWER:** Defendant asserts that Ms. Esposito did not commit discrimination.

**REQUEST FOR PRODUCTION NO. 6:**

With regard to a statute of limitations, for each day that goes by where my pay and retirement status is incorrect, a new action arises and continues to extend itself. AAFES has failed to address a serious matter and elevate it to the proper authorities without delay. AAFES simply

**PAGE 2**

needs to participate in the administrative remedy process and stop trying to use what they are remise in as an argument against me.

**ANSWER:** Defendant objects to this request because it states a legal conclusion and does not identify any documents.

**REQUEST FOR PRODUCTION NO. 7:**

My complaint obviously could have been resolved long ago but for the lack of proper investigation and inaction by the Defendant. I highly recommend that the trend of down grading my performance without any counseling records to support those actions, be fully addressed and also carefully reconsidered.

**ANSWER:** Defendant objects to this request because it states a legal conclusion and does not identify any documents.

DEBORAH M. SMITH
Acting U. S. Attorney

By:

Daniel R. Cooper, Jr.
Assistant United States Attorney

Of Counsel:

WILLIAM F. SAYEGH
Associate General Counsel
ARMY AND AIR FORCE EXCHANGE SERVICE
3911 S. Walton Walker
Dallas, Texas 75236-1598
Telephone: (214) 312-3165
Fax: (214) 312-4141

**PAGE 3**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2006,
a copy of the foregoing Defendant's
Response to Plaintiff's Request for
Discovery and Production of Documents
was served by regular mail on:

Richard F. Reznak
P O Box 55129
North Pole, AK 99705-0129


*K Joy M°Culloch*

Legal Assistant
United States Attorneys' Office

Richard F. Reznak                                    **March 20 , 2006**
P.O. Box  55129
North Pole
Alaska 99705

To : Mr. Daniel R. Cooper
     Assistant U.S. Attorney
     Federal Building & U.S. Court House
     222 West Seventh Avenue # 9 Rm. 253
     Anchorage, Alaska 99513 - 7567

                              **Case No. F05-0007 CV RRB**
                         **Discovery**

Dear Mr. Cooper,

   In accordance with the rules of Discovery,  please provide answers
and produce documents to satisfy the following discovery request .

1. I am providing  a graphic chart I prepared  to enable you  to make an
accurate comparison of my Direct Operating  Results in  relation to my
Performance Evaluation Reports.  It was stated in the  Advance Notice
Letter of Demotion due to Reduction - in - Force,  paragraph 3, that  my
position would  be abolished  based  on high  personnel  cost.  I would
like an explanation  from AAFES why my record  high Direct  Operating
Profit directly conflicts with what was alleged .The  statement really is
a gross misrepresentation  of fact . Personnel  costs  and  productivity
was excellent at both my Fort Wainwright and Eielson Service Stations
which was one of my strong  attributes.  One can easily verify my point
by looking at my evaluations.  Please  See graph attached at Exhibit 1 .

 2. I have  reviewed the 1,600 pages plus of my career history that was
provided to both of us by AAFES . The records affirm that I participated
in Federally protected programs which include both the EEO complaint
program and the PER Evaluation Rebuttal process.  I find  without  any
exception , that every  administrative action  taken  against  me during
the  period preceding  my compliant, was based  on Reprisal.   I would
like AAFES to produce a copy of  my official employee  counseling card
records which were omitted from the Discovery package.

- 1 -

3. I would like to know why AAFES denied my request to return back to the Continental United States upon my retirement ? I transferred to Alaska on a PCS Transportation Agreement. I fulfilled my obligation. I was abandoned by AAFES in a land far from my official home of record which is Magnolia, Delaware. After 25 years of loyal service should I not be entitled reimbursement for the expense and losses I incurred resulting from this administrative error ? I have recently sold my home and most material assets to enable me to pay bills and move back to my home from Alaska.

4. I have provided this additional Discovery request because it adds relevance and meaning to our quest for justice. I will proof read my my Deposition taken on February 16, 2006 on March 21, 2006 by the Liz D' Amour & Associates, Inc. I have been advised it is about 190 pages long so it may take a day or two. If you have questions on any of the content in this letter please contact me as soon as possible. I will be flying out of state on private business April 6, 2006 through May 1, 2006 and will be unavailable during that period. Please incorporate these dates into our schedule so there is no confusion.

Sincerely ,

Richard F . Reznak



Sales to Evaluation Comparison
1995 - 2000