DEBORAH M. SMITH
Acting United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
daniel.cooper@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD F. REZNAK,<br><br>      Plaintiff,<br><br>v.<br><br>DONALD H. RUMSFELD,<br><br>      Defendant. | Case No. 4:05-cv-7-RRB<br><br>**OPPOSITION TO MOTION TO COMPEL DISCOVERY** |

Richard Reznak has moved to compel discovery at Docket 15. This is the opposition to that motion.

1.   Introduction.

Mr. Reznak served his first discovery request on the United States on February 23, 2006 (Exhibit 1). Mr. Reznak served his second discovery request

on the United States on March 22, 2006 (Exhibit 2).  The United States served the response to the first discovery request on Mr. Reznak on or about March 31, 2006 (Exhibit 3).  The United States has not prepared or served any response to the second discovery request.

2. Argument.

    A. Mr. Reznak failed to certify any attempts to confer on the discovery issue as required by Rule 37(a)(2)(A), F.R.Civ.P. and Local Rule 37.1(a).

Both Rule 37(a)(2)(A), F.R.Civ.P. and Local Rule 37.1(a) require that a party seeking the court's assistance in obtaining factual discovery first make an attempt to obtain the discovery from the opposing party.  Moreover, the rules require that the party bringing the motion certify in the motion that they have in good faith conferred with the other party in an attempt to resolve the dispute.  Mr. Reznak has both failed to confer with the attorney for the United States about the disputed answers, and has failed to include the required certification to that effect in his moving papers.  The motion is deficient on its face, and should be denied for that reason.[1]

---

[1] It is not an abuse of discretion for a district court to deny a motion to compel discovery when the moving party failed to certify it had first conferred with the opposing party.  Childress v. Darby Lumber Company, 357 F.3d 1000, 1010 (9th Cir. 2004).

Reznak v. Rumsfeld
4:05-cv-7-RRB                               -2-

     B.     Mr. Reznak has failed to identify with specificity the answers and productions which he believes are incomplete or deficient.

The Motion to Compel is generally vague as to the answers which Mr. Reznak finds objectionable. However, it seems a fair reading of the Motion to Compel that Mr. Reznak finds the answers incomplete or evasive. Mr. Reznak does not contend that no answers were given, but only that he takes issue with the answers provided. He therefore seeks the court's assistance in obtaining new answers, presumably ones that are more acceptable to his theory of the case. Mr. Reznak does not seek sanctions such as preclusion of evidence in this motion.

The United States attempted in good faith[2] to respond to Mr. Reznak's requests. Mr. Reznak does not like the answers. However, it is not uncommon for the parties to disagree on particular facts in a lawsuit. To contend that the United States "provided an erroneous interpretation of AR 60-21/AFJMAN 34-218" is to put the fact in issue. The litigation is clearly over whose interpretation of this regulation is the correct one. The United States does not concede that it is in error on this issue, and the determination of the issue awaits the determination of the

---

    [2] The responses were signed by the attorney for the United States. The signature is the attorney's representation to the court that the matters set forth are true and correct to the best of the attorney's knowledge information and belief based upon reasonable inquiry. see, e.g., Rule 11(b), F.R.Civ.P.

Reznak v. Rumsfeld
4:05-cv-7-RRB                              -3-

court after both parties have presented relevant evidence. Stated another way, Mr. Reznak does not seek compulsion of an answer by the United States, he seeks compulsion of the ultimate factual question. The United States has denied his version, and the fact is in issue awaiting trial or other disposition.

The United States made one admission in response to Mr. Reznak's request for Production Numbers 2 and 3: Ms. Esposito did not prepare a RIF roster. This factual issue is resolved. Whether the absence of the RIF roster is of any legal significance or consequence is a central dispute in this litigation. The United States answered that the RIF was properly reviewed by the appropriate authority. The remainder of Request 3 is not applicable because the action was reviewed.

The United States declined to answer Request 4 because it called for speculation. No RIF roster was prepared. The call of the question was conditioned upon the preparation of a RIF roster (i.e. If a RIF roster was prepared ... would I ...). Since there was no RIF roster, the United States was called to speculate on what would have happened. The United States declines to do so. The balance of Request 4 requests the United States to prepare a document or documents as evidence. The United States is not required to do so. The United States is only required to produce those records in its possession or control.

Requests 6 and 7 are legal arguments, and do not request answers, admissions or documents. The United States can not provide answers when no questions are asked, nor can they make admissions when no admissions are requested, nor can they produce documents when no documents are requested. The United States is not required to respond to discovery requests when none are made. The United States therefore declined to answer those requests.

    C.    No response is required to be made to the Discovery Request dated March 20, 2006 because the request is not timely.

Mr. Reznak served the Discovery Request on the United States on March 22, 2006. At that time, only 9 days remained before discovery closed on March 31, 2006.[3] Mr. Reznak was required to make this discovery request on or before March 1, 2006 to allow the United States sufficient time to provide answers before discovery closed on March 31, 2006. The United States is not required to answer these requests because they were served without adequate time in which to respond.

According to paragraph 6 of the Scheduling and Planning Order[4], "All discovery must be scheduled to be <u>completed</u> by January 30, 2006." (Emphasis in

---

[3] Order for Extension of Discovery, Docket 13.

[4] Docket 10, p. 2.

original). That date was extended to March 31, 2006 by agreement between the parties and with the court's order.[5] Answers to interrogatories and requests for production are due thirty days after service.[6] Less than 10 days remained before close of discovery when the discovery requests were served. Thus, the requests are untimely. The court should enforce its Scheduling and Planning order and deny the Motion to Compel with respect to these requests as explained below.

A court is required by Rule 16(b) F.R.Civ.P. to make and enforce scheduling orders. The Rule itself provides that parties may be added and amended only upon a showing of good cause.[7] Rule 16 governs the conduct of litigation once the court enters its Scheduling and Planning Order. <u>Johnson v.</u>

---

[5] Stipulation for Extension, Docket 12; Order Granting Extension, Docket 13; Order setting Discovery Due Date March 31, 2006, Docket 14.

[6] See, e.g., Rules 33(b)(3), 34(b), F.R.Civ.P.

[7] Rule 16(b) provides, in relevant part:

(b) Scheduling and Planning. Except in categories of actions exempted by district court rule as inappropriate, the district judge,... shall ... enter a scheduling order that limits the time
...
(3) to complete discovery. ...
A schedule shall not be modified *except upon a showing of good cause* and by leave of the district judge... . (Emphasis added).

Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).   As the Johnson court concluded:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp.*, 108 F.R.D. at 141.  The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.  Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15. *Forstmann*, 114 F.R.D. at 85; *Financial Holding Corp.*, 127 F.R.D. at 166; see also *Riofrio Anda v. Ralston Purina Co.*, 959 F.2d 1149, 1155 (1st Cir.1992) (permitting amendment under Rule 15(a) in violation of district court scheduling order "would have nullified the purpose of rule 16(b)(1)").
>
> As the torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts, deliverance has been sought in the use of calendar management techniques. Rule 16 is an important component of those techniques. We will not snatch it away or destroy its effectiveness by requiring district courts to countenance the practices exemplified by the facts of this case.

Johnson v. Mammoth Recreations, Inc., at 610 - 611.

Simply stated, the court should enforce its earlier scheduling order. However, the United States offers the following analysis of Mr. Reznak's discovery request to assist the court in whether the United States should be compelled to respond to the requests:

Request 1 refers the reader to a graph prepared by Mr. Reznak. Mr Reznak does not provide an evidentiary basis for the data points on the graph. The United States can not even comment on the graph, much less answer any questions about the graph or what it represents without the evidentiary basis for the data points.

Request 2 refers to "official counseling card records" which are not further identified as to content or dates to be produced. The United States would, in any event, need additional information to identify the precise records which Mr. Reznak seeks, as well as the relevant time period, in order to produce these documents.

Request 3 requests information presumably related to damages: why AAFES denied his request to return to the United States. Mr. Reznak did not request "to return back to the Continental United States" upon his separation from service with AAFES. Therefore, there was no denial. Had he made such a request, it would have been denied because, given Mr Reznak's status as "im-mobile," it would have been against regulation to do so.

Request 4 appears to be a statement by Mr. Reznak about what he intends to do, and a request dealing with scheduling matters. No response is required by the United States to any of the statements or requests.

## CONCLUSION

The United States has answered the first discovery requests in good faith. Mr. Reznak has failed to consult with the United States' lawyer on any of these discovery issues. The United States has fully answered those discovery requests to which answers may be given without speculation. The United States has declined to provide answers to questions that call for legal conclusions or which do not request admissions, documents or answers. The United States has met its burden under the discovery rules of the Federal Rules of Civil Procedure.

Moreover, Mr. Reznak failed to serve his second discovery request in time to allow the United States to answer the request before discovery closed. The United States should not be compelled to provide answers to the discovery request when Mr. Reznak violated Rule 16, F.R.Civ.P. and the Scheduling and Planning Order.

The Motion to Compel should be denied.

/ / /

/ / /

/ / /

/ / /

Respectfully submitted, on April 24, 2006.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/ Daniel R. Cooper, Jr.
>Assistant U. S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-3376
>Fax: (907) 271-2344
>E-mail: Daniel.Cooper@usdoj.gov
>AK #8211109

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2006,
a copy of the foregoing Opposition to Motion
to Compel Discovery was served on

Richard F. Reznak
P O Box 55129
North Pole, AK 99705-0129

by regular U. S. mail.

s/ Daniel R. Cooper, Jr.