IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD F. REZNAK, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. |
| § | 4:05-cv-0007-RRB |
| DONALD H. RUMSFELD, SECRETARY § | |
| OF DEFENSE IN HIS CAPACITY § | |
| AS HEAD OF THE ARMY AND § | |
| AIR FORCE EXCHANGE SERVICE § | |
| § | |
| Defendant. § | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
REQUEST FOR DISCOVERY AND PRODUCTION OF DOCUMENTS

Defendant Donald H. Rumsfeld, Secretary of the United States Department of Defense, by Daniel R. Cooper, Jr., Assistant U.S. Attorney for the District of Alaska, hereby responds to Plaintiff's Request for Discovery and Production of Documents as follows:

**REQUEST FOR PRODUCTION NO. 1:**

Explain why the following retail positions were not applied to the RIF Roster:

| | |
|---|---|
| Main Store Manager Fort Wainwright | Grade 4/2 |
| Main Store Manager Eielson A.F.B. | Grade 4/2 |
| Sales & Merchandise Manger Eielson A.F.B. | Grade 4/1 |
| Sales & Merchandise Manager Fort Wainwright | Grade 4/1 |
| Operations Manager Fort Wainwright | Grade 4/1 |
| Operations Manager Eielson A.F.B. | Grade 4/1 |

**ANSWER**: The controlling regulation at the time was AR 60-21/AFJMAN 34-218. Section 4-15(a) of that regulation states in relevant part: "When employees are affected by a RIF, rosters will be prepared of all current employees within the same RIF element in the job titles identified as being affected…" Your job title at the time was Store Manager (BR/Gas). Therefore, the positions you identified were not part of the RIF element.

EXHIBIT 3

**REQUEST FOR PRODUCTION NO. 2:**

Explain why Mrs. Esposito / House the AAFES Human Resource Manager for Alaska stated that a RIF roster was accomplished in accordance with AAFES regulations.

**ANSWER**: Defendant cannot answer this request because it does not sufficiently identify the time and location of the alleged statement. Defendant avers that Ms. Esposito did not complete a RIF Roster.

**REQUEST FOR PRODUCTION NO. 3:**

Was the assertion by Mrs. Esposito / House on the Advance notice of Demotion due to Reduction in Force letter that a RIF Roster was in fact prepared, reviewed and approved by a higher authority? If not, how did this critical personnel action go unchecked?

**ANSWER:** The RIF was properly reviewed by the appropriate authority. Since there was only one name involved, there was no ranking and therefore, no reason to prepare a RIF Roster.

**REQUEST FOR PRODUCTION NO. 4:**

The 4 /2 position at Eielson A.F.B. was occupied by a female employee with half my retail experience and years of employment. The employee mentioned in this position rapidly advanced and was promoted up through the ranks by Mrs. Esposito / House and Mrs. Burmingham the Area Manager. If a RIF Roster was accomplished based on retention scores and seniority would I have logically been offered that position instead of a demotion or a RIF retirement? I request the RIF scenario be completely and correctly reconstructed as a direct means of comparison.

**ANSWER:** This request calls for a conclusion based on facts outside those alleged in the complaint and outside the scope of this lawsuit. No RIF roster was prepared, and therefore any answer would be speculative. Therefore, the defendant declines to answer.

**REQUEST FOR PRODUCTION NO. 5:**

All regulations considered, would it be fair to access that Mrs. Esposito /House's choice not to produce a RIF roster be considered discrimination against myself and other employees?

**ANSWER:** Defendant asserts that Ms. Esposito did not commit discrimination.

**REQUEST FOR PRODUCTION NO. 6:**

With regard to a statute of limitations, for each day that goes by where my pay and retirement status is incorrect, a new action arises and continues to extend itself. AAFES has failed to address a serious matter and elevate it to the proper authorities without delay. AAFES simply

needs to participate in the administrative remedy process and stop trying to use what they are remise in as an argument against me.

**ANSWER:** Defendant objects to this request because it states a legal conclusion and does not identify any documents.

**REQUEST FOR PRODUCTION NO. 7:**

My complaint obviously could have been resolved long ago but for the lack of proper investigation and inaction by the Defendant. I highly recommend that the trend of down grading my performance without any counseling records to support those actions, be fully addressed and also carefully reconsidered.

**ANSWER:** Defendant objects to this request because it states a legal conclusion and does not identify any documents.

DEBORAH M. SMITH
Acting U. S. Attorney

By: _____
Daniel R. Cooper, Jr.
Assistant United States Attorney

Of Counsel:

WILLIAM F. SAYEGH
Associate General Counsel
ARMY AND AIR FORCE EXCHANGE SERVICE
3911 S. Walton Walker
Dallas, Texas 75236-1598
Telephone: (214) 312-3165
Fax: (214) 312-4141

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2006, a copy of the foregoing Defendant's Response to Plaintiff's Request for Discovery and Production of Documents was served by regular mail on:

Richard F. Reznak
P O Box 55129
North Pole, AK 99705-0129


_____
Legal Assistant
United States Attorneys' Office