DEBORAH M. SMITH
Acting United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
daniel.cooper@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD F. REZNAK,               )<br>                                                    )<br>            Plaintiff,            )<br>                                                    )<br>    v.                                         )<br>                                                    )<br>DONALD H. RUMSFELD,      )<br>                                                    )<br>            Defendant.           )<br>_____)  | Case No. 4:05-cv-7-RRB<br><br>**DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** |

Defendant Donald H. Rumsfeld, Secretary of Defense, by and through counsel, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), or in the alternative, 56(b), moves this Court to dismiss this action, or in the alternative, to grant defendant summary judgment.

INTRODUCTION

Secretary Rumsfeld is the head of the Army and Air Force Exchange Service, which is an instrumentality of the Federal Government operating retail exchanges at military facilities worldwide. During the relevant time period Mr. Reznak was a Service Station Manager at the Fort Wainwright Exchange.[1] Plaintiff alleges violations of Title VII and the "Common Laws of the State of Alaska".[2]

Secretary Rumsfeld moves this Court to dismiss Mr. Reznak's Title VII claims in accordance with F.R.Civ.P. 12(b)(1) because plaintiff has not exhausted his administrative remedies, and Mr. Reznak's unspecified State law claims in accordance with F.R.Civ.P. 12(b)(6) because they are barred by sovereign immunity and the relevant statutes of limitation. Alternatively, Secretary Rumsfeld moves to dismiss this complaint pursuant to Rule 56, F.R.Civ.P. because there is no dispute as to any material fact and Secretary Rumsfeld is entitled to judgment as a matter of law.

UNDISPUTED FACTS

Secretary Rumsfeld is head of the Army and Air Force Exchange Service

---

[1] Complaint, Docket 1, ¶ C.1.

[2] Complaint, Docket 1, ¶ A.1.

(AAFES) which is a nonappropriated fund instrumentality of the Department of Defense that operates exchanges worldwide.[3]  The exchanges consist of retail outlets as well as other types of facilities.[4]  AAFES is the real party in interest here, and all references hereafter to the defendant will be to AAFES.

Mr. Reznak is a former service station manager at the Fort Wainwright, Alaska exchange, from his arrival in 1994 to his retirement in April, 2001.[5]  Mr. Reznak's tenure as a manager was not always smooth, particularly after a new manager, Mr. Raher, arrived in 1995.[6]  The new management did not agree with Mr. Reznak's requests and concerns regarding staffing and personnel issues, or equipment needs.[7]  During Mr. Reznak's tenure with AAFES, his performance was rated "outstanding" but Mr. Reznak thought it should have been rated "superior."[8]

Mr. Reznak wanted to retire from AAFES because he thought his career was going nowhere.  He wanted to take a retirement under a "curtailment 24" program that would pay him a $25,000.00 bonus, but that program was not available.[9]

---

[3] <u>Army and Air Force Exchange Service v. Sheehan</u>, 456 U.S. 729 (1982).
[4] See a more detailed description of AAFES in <u>Champaign-Urbana News, Etc., v. J. L. Cummins</u>, 632 F.2d 680, 683-687 (7th Cir. 1980).
[5] Deposition of Richard Reznak, (Hereafter "Deposition") p. 12, l. 14 - p. 13, l. 15.
[6] Deposition, p. 13, l. 22. - p. 14., l. 15, p. 16, l. 23. - p. 20, l. 21.
[7] Id.
[8] Deposition, p. 33, l. 10. - p. 34, l. 12.
[9] Deposition. p. 41, l. 16. - p. 43, l. 11.

Instead, the personnel officer with whom he was working, Ms. Esposito, came up with the idea that Mr. Reznak's job would be eliminated, qualifying him for a Reduction in Force ("RIF") early retirement.[10] Mr. Reznak "wanted out" and his attorney at the time agreed that Mr. Reznak should retire.[11] In furtherance of the retirement, Ms. Esposito prepared and delivered to Mr. Reznak a letter dated April 13, 2001, which was his Advance Notice of Demotion due to Reduction in Force.[12] The letter relied upon two references: Chapters 3, 6 and 12, EOP 15-10, Managing Human Resources, and OMFC 9181-005, dated Apri 16, 2001.[13]

Paragraph 4 of Exhibit A states:

> You were identified for this proposed action on the basis of your retention score on a reduction-in-force roster, which was prepared in accordance with the above references.

Mr. Reznak alleges, and AAFES has conceded, that the RIF Roster was never prepared, because AAFES does not believe a roster was required under the regulations.[14] Mr. Reznak asked for the RIF roster, but one was never provided to

---

[10] Deposition, p. 43, l. 12. - p. 44, l. 7.
[11] Id.
[12] Attached hereto as Exhibit A.
[13] Id., ¶ 1.
[14] Defendant's Response to Plaintiff's Request for Discovery and Production of Documents (attached as Exhibit C), responses 2 and 3.

him. He did not learn until October 12, 2002, that there was, in fact, no RIF roster.[15] The complaint in this action was filed April 12, 2005.[16]

Mr. Reznak was provided a statement by Ms. Esposito when he met with her on April 16, 2001, which disclosed the amount of the retirement annuity he would receive upon retirement.[17] Mr. Reznak states that the amount of money he would receive upon retirement was misrepresented to him by Ms. Esposito. Mr. Reznak states that he was told he would receive an early retirement without penalty for his age.[18] Mr. Reznak was 46 when he retired. The amount he would have received if he retired at age 62 was $24,568.59 per year, but the annuity for retiring before age 62 was only $20,664.03.[19] Mr. Reznak discussed the proposed early retirement with his attorney, but they both discussed only the annuity quoted without the age penalty, or $24,568.59.[20]

Mr. Reznak accepted the early retirement believing he would receive approximately $24,568.59 per year, but discovered in April, 2002, that he was only

---

[15] Deposition, p. 60, l. 13 - 21.
[16] Id.; Complaint, Docket 1.
[17] Deposition, p. 50, l. 17 - p. 56, l. 18., and Deposition Exhibit 4, attached hereto as Exhibit D.
[18] Id.
[19] Id. Exhibit D.
[20] Deposition p. 55, l. 9 - p. 56, l. 18.

receiving approximately $20,664.03 per year.[21] When he discovered that he was receiving the lesser amount, Mr. Reznak started inquiring by phone and e-mail, and finally discovered that there was no RIF roster in October, 2002.[22] Mr. Reznak consulted with his lawyer, but they did not file a separate lawsuit because they believed that the allegedly false statements by Ms. Esposito as to the annuity amount were for retaliation for other matters, including the then ongoing lawsuit by Mr. Reznak against Secretary Cohen as head of AAFES on an EEO complaint (discussed below).[23]

Mr. Reznak did not file any administrative claim for the actions he has alleged in the Complaint.[24] Mr. Reznak did call EEOC to make a complaint, but EEOC told Mr. Reznak that he was past the statute of limitations which required that he make his complaint within 300 days.[25] Mr. Reznak discussed this issue with his lawyer, and Mr. Reznak calculated he was still within the two years to

---

[21] Deposition, p. 60, l. 9 - 12.
[22] Deposition, p. 60.
[23] Deposition, p. 60, l. 22 - p. 62, l. 7.; p. 69, l. 15 - 25.; p. 91, l. 18 - p. 93, l.8. But see, p. 94, l. 16 - 22.
[24] Deposition, p. 93, l. 9 - 15.
[25] Deposition, p. 93, l. 15 - p. 94, l. 3.

bring the case.[26]  Nonetheless, Mr. Reznak did not commence this action until April, 2005.

Mr. Reznak filed one EEO complaint during his employment at AAFES which was filed on April 1997.[27]  The complaint concerned Sharon Sutherland.[28]  Mr. Reznak believes that this earlier EEO complaint affected his treatment upon retirement in 2001 because Ms. Sutherland was friends with Ms. Esposito, the person who administered his retirement.[29]  After two attempts to get additional information from Mr. Reznak, and with his consent, the only issue investigated with respect to the Sutherland complaint was "whether you were discriminated against because of your sex (male) when, Ms. Sharon Sutherland made 'slanderous damaging remarks' to you and about you to other AAFES employees which resulted in your character being assaulted and your work relations and performance rating suffering."  Mr. Reznak did not raise the issues concerning the reduction of force in that complaint.[30]  The EEO complaint was concluded and findings were entered that Mr. Reznak failed to establish the causal connection requirement of

---

[26] Id.  The general statute of limitations in Alaska for bringing a tort claim is two years.  AS 09.10.070(a).
[27] Drane Declaration, attached as Exhibit B.
[28] Deposition, p. 20. l. 22. - p. 23, l. 4.
[29] Id.
[30] Drane Declaration, ¶¶ 2 and 3.

the prima facie case for discrimination based on reprisal.[31]

Mr. Reznak filed suit regarding the adverse ruling in the Sutherland administrative claim.[32]  An Order of dismissal was filed on April 29, 2002.  Mr. Reznak appealed the case and the dismissal was affirmed by the Ninth Circuit in a memorandum filed on December 19, 2003.  (Case Number 02-35658).

## Argument

AAFES is a joint military command of the U.S. Army and the U.S. Air Force, and is a nonappropriated fund instrumentality within the Department of Defense ("DoD").[33]  The primary mission of AAFES is to provide merchandise and services to military personnel and their families.[34]  As the Seventh Circuit observed,

> [to] try to separate AAFES from our military forces is to wholly ignore all its unique features distinguishing it from private enterprise and to ignore the long established views of both the Congress and the Executive Branch. . . .  Fortunately, Congress does not have to support AAFES with tax monies, but AAFES profits are used to supplement

---

[31] Drane Declaration, ¶ 3 and Attachments 8 and 9.
[32] Reznak v. Cohen, No. FOO-0041-CV.
[33] Golt v. United States, 186 F.3d 1158, 1161 (9th Cir. 1999); Honeycutt v. Long, 861 F.2d 1346 (5th Cir. 1988); Champaign-Urbana News Agency, Inc. v. J. L. Cummins, 632 F.2d 680, 681 (7th Cir. 1980).
[34] Army and Air Force Exchange Service v. Sheehan, 456 U.S. at 729 n.1, 102 S.Ct at 2120 n.1 (1982)(quoting Standard Oil Co. v. Johnson, 316 U.S. 481, 484-85, 62 S.Ct. 1168, 1169 (1942)); Champaign-Urbana News Agency, 632 F.2d at 683-85.

    tax monies which are appropriated for morale purposes for the armed forces.

Champaign-Urbana News Agency, 632 F.2d at 692.

    Based on the foregoing, the Supreme Court has held that AAFES is an integral part of DoD and is an instrumentality of the United States government.[35] As such, there must be a waiver of sovereign immunity before suit may commence against AAFES.[36]

    Under Fed. R. Civ. P. 56, summary judgment should be granted if there is no disputed genuine issue of material fact and if the moving party is entitled to judgment as a matter of law.[37] The moving party has the burden of showing that there is no genuine issue of material fact. Once the moving party has met this burden, the nonmoving party must set forth evidence showing the existence of a genuine issue for trial.[38] When considering a motion for summary judgment, the Court views the evidence presented in the light most favorable to the non-moving

---

[35] Sheehan, 456 U.S. at 733-34, 102 S.Ct. at 2122.
[36] Id.; United States v. Hopkins, 427 U.S. 123, 96 S.Ct. 2508 (1976); *see* Golt, 186 F.3d at 1164 (Only Congress has the power to provide a right of action against AAFES).
[37] Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
[38] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

party and determines whether the moving party is entitled to judgment as a matter of law.[39]

1.   Mr. Reznak Has Not Exhausted His Administrative Remedies With Respect To His Allegations Under Title VII.

The Supreme Court has held that Congress intended in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-16, to establish mandatory administrative procedures that a party alleging discrimination must follow before filing a complaint in court.[40]  These procedures are described in 42 U.S.C. § 2000e-16(c), and in regulations promulgated by the EEOC pursuant to 42 U.S.C. § 2000e-16(b).  Generally, EEOC regulations require that an aggrieved employee contact an agency EEO counselor within 45 days of the alleged discriminatory event.  29 C.F.R. § 1614.105(a)(1).

"In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies."[41]  In order to exhaust his administrative remedies a Federal employee must contact an EEO Counselor within 45 days of the alleged discriminatory act.  29 C.F.R. § 1614.105(a)(1).  If the complaint cannot be resolved informally, then the Federal employee must file a formal

---

[39] Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001).
[40] Brown v. General Services Administration, 425 U.S. 820, 832-33 (1976).
[41] Sommatino v. U.S., 255 F.3d 704 at 707 (9th Cir. 2001).

complaint with the agency within 15 days of the conclusion of the informal process. 29 C.F.R. § 1614.106. "The Agency will dismiss a complaint that fails to comply with the applicable time limits or that raises a matter that has not been brought to the attention of a counselor." [42] Although a failure to file a timely EEO complaint is not a jurisdictional defect, "…substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite."[43] Plaintiff cannot establish subject matter jurisdiction over a claim unless he first shows that he complied with the appropriate administrative procedures.[44] As in Freeman, Mr. Reznak in the instant case cannot show that he properly exhausted his administrative remedies with respect to the allegation in his complaint.

As noted above, Mr. Reznak filed his only administrative complaint in April 1997. He retired effective April 30, 2001. Therefore, it is undisputed that Mr. Reznak's only administrative claim under Title VII was filed before he resigned. Mr. Reznak never filed any administrative claim regarding the allegations raised in

---

[42] Leorna v. U.S. Dep't of State, 105 F.3d 548 at 550-551 (9th Cir. 1997).
[43] Sommatino, supra, at 708.
[44] Leong v. Potter, 347 F.3d 1117 (9th Cir. 2003); Freeman v. Oakland Unified School District, 291 F.3d 632 (9th Cir. 2002).

the instant complaint.  Therefore, Mr. Reznak has failed to exhaust his administrative remedies and his complaint should be dismissed.

2.  Mr. Reznak failed to bring any claim under "Alaska Common Law" within two years as required by the Federal Tort Claim Act and AS 09.10.070 and therefore his claim is time barred.

Mr. Reznak alleges he was harmed in violation of the Common Laws of the State of Alaska.  His action, as framed, sounds in tort.  The United States, as sovereign, is immune from suit except to the extent that it has consented to be sued.[45]  Congress waived sovereign immunity for certain tort actions against the United States by enacting the Federal Tort Claims Act ("FTCA").  28 U.S.C. §§ 1346 & 2671 et seq.  The terms and conditions upon which the United States may be sued for a tort are clearly defined by the Act.  The timely filing of an administrative claim is a jurisdictional prerequisite to suit that cannot be waived.[46]

The FTCA bars claimants from bringing suit in Federal court seeking common law tort damages unless and until the plaintiff has exhausted their administrative remedies.  When a plaintiff fails to heed that clear statutory command, dismissal of the lawsuit is the proper remedy.[47]

---

[45] United States v. Sherwood, 312 U.S. 584, 590-91 (1941).
[46] Landreth by and through Ore. v. United States, 850 F.2d 532, 533 (9th Cir. 1988), cert denied, 488 U.S. 1042 (1989).
[47] McNeil v. United States, 508 U.S. 106, 113 S. Ct. 1980 (1993).

Case 4:05-cv-00007-RRB   Document 17   Filed 04/27/2006   Page 13 of 17

Plaintiff's complaint alleges a tort, personal injury, resulting from allegedly false and misleading statements made to him by Ms. Esposito to induce him to retire and accept an annuity which was less than he believed was promised to him.[48] Moreover, Mr. Reznak claims he would not have retired if the RIF roster had scored him at the top of the list, or if he thought he had a chance at advancement. 28 U.S.C. §2675(a) provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. ...

Here, the law suit was commenced without any claim submitted to any agency. Mr. Reznak was examined directly on that point:

> Q   Did you ever file any kind of an administrative claim with AAFES or the merit, the pay board, or civil service of any kind.....
> A   About this incident?
> Q   About the claim that you have right here in exhibit number 1, the complaint and.....
> A   No. I called the -- I called the EEOC about the same time when I was talking to Mrs. Netter trying to get the RIF roster. And EEOC -- C told me, Mr. Reznak,

---

[48] Deposition, p. 71, l. 3 - 16.; p. 100. "I was unlawfully terminated from employment under false pretenses."

Reznak v. Rumsfeld
4:05-cv-7-RRB                                                    -13-

> since you've exceeded one year or something, the 360
> days or whatever it was, you would have to -- you would
> have to seek this through the court system -- your
> complaint through the court systems, because I didn't
> qualify for that -- that avenue to go and -- and I -- I
> didn't know that during the year that I retired, I --
> if I had known, I'd have -- I'd have challenged it, but
> it was too late, but not too late -- two years, I
> think, was the statute for going to court, so I --
> Richard got involved, so we were within the statute of
> two years either way or whatever it was.[49]

Mr. Reznak is clear and unequivocal that he did not file any administrative claim. Moreover, Mr. Reznak is clear that he knew (upon being told) that he had already waited too long to file an EEO claim. Finally, Mr. Reznak is clear that he knew he had two years in which to bring his claim before a court. Mr. Reznak's use of the phrase "so we were within the statute of two years either way..." demonstrates knowledge that he had to bring his claim timely or it would be barred by a statute. Mr. Reznak was still receiving advice from his lawyer, Richard Wright, not only about the Sutherland EEO complaint and <u>Reznak v. Cohen</u>, but about this matter as well.[50] Thus, Mr. Reznak cannot rely upon any inference that, as a lay person, he lacked knowledge of the applicable rule of law. Mr. Reznak

---

[49] Deposition, pp. 93 - 94.
[50] See, Deposition at pp. 91 - 93.

knew the exact period of time he had within which to bring his claim, and he failed to do so.

This tort claim has not been previously submitted to the "appropriate Federal agency" prior to the filing of the lawsuit, nor has the tort claim been denied by the agency as required by 8 U.S.C. § 2675(a).  Moreover, the lawsuit was filed more than two years after the date when Mr. Reznak first discovered that he was receiving less than he though he was promised, and more than two years after he learned there was no RIF roster.  Therefore this lawsuit is barred by the Federal Statute of limitations.[51]

The Alaska general statute of limitations, AS 09.10.070 also bars this complaint.  In Alaska, the limitations period for personal injury actions is two years.  A personal injury claim accrues when a party knows or should know that he has a claim, ordinarily the date the alleged injury occurs.[52]  Since Mr. Reznak was

---

[51] 28 U.S.C. § 2401(b) provides, in relevant part:
     A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ...
[52] Sengupta v. University of Alaska, 21 P.3d 1240 (Alaska 2001), cert. denied, 534 U.S. 1135, 122 S. Ct. 1081, 151 L. Ed. 2d 981 (2002); Russell v. Municipality of Anchorage, 743 P.2d 372, 374 - 5(Alaska 1987) (AS 09.10.070 governs both state and federal law claims concerning unlawful discrimination).

aware of his claim no later than October 10, 2002,[53] he was required to bring his claim with 2 years, or no later than October 10, 2004. He waited until April, 2005 to file this lawsuit. His claim is barred by both the Federal and State statutes' of limitation.

## CONCLUSION

Mr. Reznak failed to exhaust his administrative remedies by promptly filing his administrative claim with EEO. Mr. Reznak also failed to exhaust his administrative remedy by filing an administrative claim for wrongful discharge under a tort theory. Mr. Reznak also failed to file his lawsuit within two years as required by both the Federal and State statutes' of limitation. Secretary Rumsfeld and AAFES are entitled to judgment as a matter of law based upon the undisputed facts of this case. This complaint should be dismissed.

Respectfully submitted, on the 26th day of April, 2006.

DEBORAH M. SMITH
Acting United States Attorney

s/ Daniel R. Cooper, Jr.
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3376
E-mail: Daniel.Cooper@usdoj.gov
AK #8211109

---

[53] Deposition, p. 60, l. 13 - 15.

Reznak v. Rumsfeld
4:05-cv-7-RRB                              -16-

**CERTIFICATE OF SERVICE**
I hereby certify that on April 27, 2006,
a copy of the foregoing Defendant's Motion
to Dismiss, or in the Alternative, for
Summary Judgment was served on

Richard F. Reznak
P O Box 55129
North Pole, AK 99705-0129

by regular U. S. mail.

s/ Daniel R. Cooper, Jr.