**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | | |
|---|---|---|
| RICHARD F. REZNAK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | F05-0007 CIV |
| DONALD H. RUMSFELD, SECRETARY | § | |
| OF DEFENSE IN HIS CAPACITY | § | |
| AS HEAD OF THE ARMY AND | § | |
| AIR FORCE EXCHANGE SERVICE | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF MARCIA E. DRANE IN
## SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I, Marcia E. Drane, declare the following under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am the Vice President of Equal Employment Opportunity (EEO) at the Army and Air Force Exchange Service (AAFES) in Dallas, Texas. As part of my official duties, I am responsible for the management and processing of all formal complaints of discrimination made by AAFES employees. I am the custodian of the official EEO administrative records of AAFES. These administrative records are made at or near the time by, or from information transmitted by, a person with knowledge, and are kept in the course of AAFES' regularly conducted business activities and it is the regular practice of that business activity to make these administrative records. I have recently reviewed the records of Richard F. Reznak and reviewed his judicial complaint.

EXHIBIT B

3. After the Report of Investigation was issued, Mr. Reznak requested a hearing before an EEOC administrative judge. Subsequently, the AAFES attorney motioned the judge to issue a decision without a hearing. On August 31, 2000 the Administrative Judge issued his Findings of Fact and Conclusions Of Law Without A Hearing. (Attachment 8). The Administrative Judge found "...that Reznak failed to establish the severity or pervasiveness requirement of the prima facie case for discrimination based on sex, and that Reznak failed to establish the causal connection requirement of the prima facie case for discrimination based on reprisal." On October 1, 2000 AAFES issued a Notice of Final AAFES Order. (Attachment 9). Mr. Reznak has not engaged in further EEO activity and his PMIS records indicate that Mr. Reznak retired effective April 30, 2001. (Attachment 10).

I declare, in lieu of oath, under penalty of perjury, that the foregoing is true and correct. Executed on this 27th day of January 2006.

**MARCIA E. DRANE**
Vice President, EEO
Army & Air Force Exchange Service

COMPLAINT OF DISCRIMINATION
IN THE ARMY AND AIR FORCE EXCHANGE SERVICE
BECAUSE OF RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE,
PHYSICAL OR MENTAL HANDICAP OR REPRISAL
(Please type or print) (See instructions on reverse)

FOR AAFES USE

97.088

**1. WHAT IS YOUR (Complainant's) FULL NAME**

RICHARD F REZNAK

**2. WHAT IS YOUR TELEPHONE NUMBER INCLUDING AREA CODE?**

**YOUR STREET ADDRESS (or RD Number or Post Office Box Number)**

2652 LISA ANN

HOME PHONE

907 488 5807

| YOUR CITY | STATE | ZIP CODE | WORK PHONE |
|---|---|---|---|
| NORTH POLE | ALASKA | 99705 | 907 356 1804 |

**3. WHICH AAFES OFFICE DO YOU BELIEVE DISCRIMINATED AGAINST YOU?**

. N/A (Employee)

**4. INDICATE.**
☐ I AM NOW WORKING FOR AAFES
☐ I FORMERLY WORKED FOR AAFES
☐ I APPLIED TO WORK FOR AAFES—BUT WAS DENIED

**A. NAME OF EXCHANGE WHERE YOU WORK, DID WORK, OR APPLIED**

N/A

**A. STREET ADDRESS OF OFFICE**

**B. ADDRESS OF THAT ACTIVITY**

| B. CITY | STATE | ZIP CODE |
|---|---|---|

**C. CITY** **STATE** **ZIP CODE**

**D. WHAT IS TITLE AND GRADE YOU HOLD, DID HOLD, OR APPLIED FOR?**

**5. DATE ON WHICH MOST RECENT ALLEGED DISCRIMINATION TOOK PLACE.**

**6. CHECK BELOW WHY YOU BELIEVE YOU WERE DISCRIMINATED AGAINST, BECAUSE OF YOUR.**
☐ RACE, IF SO, STATE YOUR RACE
☐ COLOR, IF SO, STATE YOUR COLOR
☐ RELIGION, IF SO, STATE YOUR RELIGION
☐ NATIONAL ORIGIN, IF SO, STATE YOUR NATIONAL ORIGIN
☐ SEX, IF SO, STATE YOUR SEX   Harassment Sexual / Male
☐ AGE, IF SO, STATE YOUR AGE
☐ PHYSICAL OR MENTAL HANDICAP, IF SO, STATE NATURE OF HANDICAP
☐ REPRISAL FOR HAVING PARTICIPATED IN PROTECTED EEO ACTIVITY

| MONTH | DAY | YEAR |
|---|---|---|
| 12 | 19 | 96 |

**7. Explain how you believe you were discriminated against (treated differently from other employees or applicants because of your race, color, religion, sex, national origin, age, physical or mental handicap, or reprisal for having participated in protected EEO activity (You may continue your answer on another sheet of paper if you need more space.)**

On Dec 19 during a business telephone conversation I was called a "Male Sexist" by Ms Sharon Sutherland. She later announced to some AAFES employees in the accounting office she supervises that I was "A Male chauvinist Sexist Pig". Her conduct is unacceptable and offensive. A written complaint was submitted and my supervisors have taken no action to cooperate and work with me or investigating officals.

**8. (a) I HAVE DISCUSSED MY COMPLAINT WITH AN EQUAL EMPLOYMENT OPPORTUNITY COUNSELOR (See instructions)**
☒ Yes    ☐ No EEO Investigator

**8. (b) NAME AND LOCATION OF COUNSELOR**

Vilma Allstott, Ft Wainright, Alaska

**9. WHAT CORRECTIVE ACTION OR RELIEF ARE YOU SEEKING? BE SPECIFIC.**

Ms Sutherland be reprimanded for unprofessional conduct and provided EEO sexual harassment training. In addition, my supervisors should provide me a written letter of apology for taking sides against me when my initial complaint was made. Statements previously provided by myself and other AAFES employees support my requests.

**10. DATE THIS COMPLAINT SIGNED**

| MONTH | DAY | YEAR |
|---|---|---|
| April | 28 | 1997 |

**11. SIGN YOUR (Complainant's) NAME HERE**

AAFES FORM 1600-3 (REV OCT 92) (Prev Edition Obsolete) LRA
Item No. 747160003

EOP12-1

APR 1997
RECEIVED
EEO

# ATTACHMENT 1

**Appendix 15**

## Summary Report of EEO Counseling

**TO:**  EEO Officer/Command EEO Officer

**A)**  **AGGRIEVED PERSON INFORMATION**

Name: _Richard F Reznak_

Job Title and Grade: _Manager Service Station    UA-11_

Exchange and Activity: _Eielson Service Station and Fort Wainwright._

Work Phone No.: _907/356-1804_    Home Phone No.: _907-488-5807_

Home Address: _2652 Lisa Ann    North Pole Alaska    99705_

Does complainant wish to remain anonymous? (Yes/No): _No_

Does complainant have a representative? (If yes, state name and address: _no_

**B)**  **DATES INVOLVED IN EEO COUNSELING**

Date of initial contact with you: _19/12/96_

Date of initial interview with you: _20/12/96_

Date of most recent discriminatory event: _10/12/96_

Reason for delayed contact beyond 45 days, if applicable: _____

With complainant's approval, did you request an extension? (Yes/No) _yes_

If yes, state date of extension: _19/02/97_

Name of approving authority: _Walter Bender_

Date you gave aggrieved person the Notice of Right to File a Discrimination Complaint: _20/12/96_

**EEO Counselors Handbook**
**A15-1**

**ATTACHMENT 2**

Complete this page for each separate act of discriminatory treatment, employment decision, or personnel action that the complainant believes is discriminatory. For example, if there are three allegations, you should make three copies of this page and complete a separate page for each allegation.

## C)    BASES FOR DISCRIMINATION ALLEGED BY COMPLAINANT

[  ]   Race (specify)    _____

[  ]   Color (specify)   _____

[  ]   National Origin (specify) _____

[ ✓ ]  Sex (specify)   _Male_____   .

[  ]   Age (date of birth)   _____

[  ]   Handicap (specify)   _____

[  ]   Religion (specify)   _____

[ ✓ ]  Reprisal (identify the protected EEO activity in which the complainant was engaged)   _From  previous   EEO  Counsel_____

## D)    ALLEGATIONS OF DISCRIMINATION

What is the nature of the alleged act? _Sexual harassment Called_

_him   a " Male Sexist"_____

What date and how often did it happen? __10/12/96_____

Who was responsible for the discriminatory treatment, employment decision, or personnel action (show full name, job title, and membership in the protected bases for discrimination)? _Sheron Sutherland ( Accounting Supervisor )_ ~~Femalt~~ _(Female)_

Why does the complainant believe the employment decision or personnel action was discriminatory? _Mr. Richard Raznak believes that Sheron_

_Southerland is harboring some kind of prejudice against_

_him from a previous EEO complaint filed against him,_

_in which Sheron was the EEO Counselor._

**EEO Counselors Handbook**
**A15-2**

E)    **SUMMARY OF YOUR FACT-FINDING EFFORTS**

**Personal Contacts** - Identify the name, job title, and membership/nonmembership in the complainant's protected categories for each person you contacted for information concerning the complaint.  Give a BRIEF summary of what each person told you.

(1)  I talked to Mr. Tim Devitz (Affes Training Instructor) on Jan.31/97. He said he wasn't a witness. Ms Southerland explained to him that she had a phone conversation with Mr. Reznak in which Mr. Reznak had said "quit giving me lip service." During the conversation she admitted to called Mr Reznak a male sexist.

(2)  I talked to Linda Bordn (Accounting tech) She heard Sheron say "only good for lip service, that is a sexist remark" but she wasn't paying attention to the conversation. I asked if she had ever heard Sheron make a personal or prejudice remark about Mr. Reznak, she refused to answer. She said that sometimes when people are mad they say things they don't mean.

(3)  On 31/1/96, I talked to Katheen Smith (former Subordinate to Sheron). I asked if she had ever heard Sheron make a personal or prejudice remark about Mr Reznak. She said yes, but she could not be specific.

**Documents Reviewed** - Identify the documents you reviewed concerning the complaint and what you found:

(4)  When I talked to Carol Graff (Service Supervisor) about some personal remark about Mr. Reznak. She said yes Sheron call him animal and chauvinist on two different occasion.

(5)  On 21/2/97 I talked to James A. Brownlee. A former Sub. to Sheron. He heard Sheron call Rick a male chauvinist Pig. He also verified that Sharon treated Rick poorly, while being very friendly with other Managers. Sheron would harass Richard when there was anything wrong at his facilities. She would report discrepancies to Mr. Marvin Smith (Dist. Mgr.), or Mr. Raher (Regional Mgr) However she would never Do that with the other facility Managers.

**F)    YOUR ATTEMPTS TO RESOLVE THE COMPLAINT**

Did you ask the complainant what s/he wanted to resolve the complaint?

☑    YES

☐    NO

Did you discuss the complainant's requested remedies and informal resolution with the principal management official?

☑    YES

☐    NO

Identify (full name and job title) the principal management official with whom you discussed informal resolution: _William Rher ( Regional Manager )_
_and Marvin Smith ( District Manager )_

**NOTE:  DO NOT REPORT ANY DISCUSSIONS, STATEMENTS, OR OFFERS OF SETTLEMENT MADE BY YOURSELF, THE COMPLAINANT, OR THE PRINCIPAL MANAGEMENT OFFICIAL IN THIS REPORT.**

_Vilma L. Allstott  ( Cashier Leader )_            _( 907 ) 356-1357_
Your name and job title                                            Your work number

_4/5/97_
Your signature                                                          Date signed

**EEO Counselors Handbook**
**A15-4**

MEMORANDUM FOR RECORD                                      1 May, 1997

On April 19, 1997 I discussed an informal resolution with Mr. William Raher (Regional Manager). I told him everything I knew about the conflict between Mr. Richard Reznak (Service Station Manager) and Ms. Sharon Southerland (Accounting Office Supervisor). I told Mr. Raher I had been working on this case for four months and I didn't have time to continue this case. Mr. Raher told me he would take care of this case and it's no longer my problem. Mr. Raher has not talked to either of the individuals involved.

VILMA L. ALLSTOTT

Attachments:
Summary Report of EEO Counseling
EEO Complaint by Mr. Rick Reznak

CV-EEO

11 JUN 1997

Mr. Richard Reznak
2652 Lisa Ann
North Pole, AK 99705


Dear Mr. Reznak:

This is in reference to your formal complaint of discrimination (AAFES No. 97.088) in which you allege you were discriminated against because of your sex (male).

Under the provisions of Section 1614.107(a) of the rules and regulations of the U.S. Equal Employment Opportunity Commission (EEOC)(29 C.F.R. Part 1614), a complainant fails to state a claim of discrimination if he does not allege some direct, personal loss or harm to his terms, conditions, or privileges of employment.

As I understand your complaint of discrimination, you allege you were discriminated against when on 19 December 1996 during a telephone conversation Ms. Sharon Sutherland called you a "male sexist" and then later announced to some AAFES employees in the accounting office that you were a "male chauvinist sexist pig." *I need to know how often this has occurred, the dates that it occurred and what harm (personnel action) has come to your terms, conditions or privileges of employment as a result of Ms. Sutherland's comments.*

Please let me have your reply *within 10 calendar days after your receipt of this letter.*

Sincerely,


"SIGNED"


MARCIA E. DRANE
EEO Manager (Complaints)


# ATTACHMENT 3



Army & Air Force Exchange Service
P O Box 35029
FT Wainwright  AK  99703-0029

15 July 1997

ACE-SS

SUBJECT:  Sexual Harassment Complaint

TO:  Mrs. Marcia Drane
     EEO Manager (Complaints)

This is in reference to your request for more information
regarding my complaint.

1.  I feel that more than adequate information has already been
provided and substantiates that Mrs. Sharon Sutherland made
slanderous damaging remarks directly to me and about me to
other AAFES employees.  This had a damaging impact on my
career.

2.  You have statements from AAFES employees who testified that
Mrs. Sutherland purposely and routinely tried best and
succeeded to taint my character by running to my Supervisors
any time she could fabricate or exaggerate any type incident.
This is common knowledge to almost everybody in our Exchange.

3.  Lastly my character has been assaulted and my performance
rating and work relations have suffered due to Mrs. Sutherlands
reckless and malicious conduct on company time.  I maintain
that she has passed judgement on me based on a previous EEO
complaint which was not substantiated and allowed her personal
feelings and attitude to interfere with AAFES business.

4.  I believe that the corrective actions I previously
requested are reasonable and fair.  I am and remain concerned
that no action was taken by management at Exchange level and
that over six months have elapsed since my complaint was made.

Richard Reznak
Service Station Manager
Fort Wainwright / Eielson AFB



JUL 1997
RECEIVED
EEO

**ATTACHMENT 4**

CV-EEO

0 5 AUG 1997

Mr. Richard F. Reznak
2652 Lisa Ann
North Pole, AK 99705

Dear Mr. Reznak:

This is in reference to your formal complaint of discrimination (AAFES No. 97.088) in which you allege you were discriminated against because of your sex (male).

By letter dated 11 June 1996, you were asked to provide clarifying information regarding the allegation in your complaint. You responded by letter dated 15 July 1997, however, you did not adequately answer my questions.

As I now understand your complaint, you allege you have been discriminated against because Ms. Sharon Sutherland made "slanderous damaging remarks" to you and about you to other AAFES employees which has had a damaging impact on your career. You state the harm that you have suffered to your terms and conditions of AAFES employment has been that your character has been assaulted, your work relations have suffered and your performance rating has suffered because Ms. Sutherland taints your character "by running to" your supervisors any time she could "fabricate and exaggerate any type of incident."

You also state in your letter of 15 July 1996, that Ms. Sutherland has "passed judgement" on you because of previous EEO complaints. However, you did not provide specific information as to how your work relations or performance rating has suffered, or what actions your supervisors have taken against you as a result of Ms. Sutherland "running" to them. I need to know how often and on what dates Ms. Sutherland has made "slanderous damaging remarks" and *specifically* what action AAFES or your supervisors have taken against you as a result of Ms. Sutherland's comments, the dates of the actions, and if and

# ATTACHMENT 5

CV-EEO
Mr. Richard F. Reznak

when you consulted with an AAFES EEO counselor regarding these actions.
I also need to know if Ms. Sutherland is in your supervisory chain.

Please let me have your reply within **10 calendar days from your receipt of
this letter.**

Sincerely,


"SIGNED"


MARCIA E. DRANE
EEO Manager (Complaints)

2



**Army & Air Force Exchange Service**
**Northern Alaska Exchange**
P.O. Box 35029
Fort Wainwright, Alaska 99703-0029

26 August 1997

ACE-SS

SUBJECT:  EEO

TO:  Marcia E. Drane
     CV-EEO  # 97.088

This is in reference to your request for more information
pertaining to my complaint of harassment.  I have previously
provided my EEO counselor all the necessary documentation and
statements explaining my complaint.  Apparently there is a
lack of communication in sharing documents.  As previously
stated, my main complaint is basic and straight forward.  The
accounting supervisor made slanderous remarks to other AAFES
employees about me and intentionally caused problems with my
Service Stations and relations between myself, and my
immediate supervisors.  I believe that my complaint merits
investigation which will give myself and other AAFES
employees the opportunity to fully explain what a menace
Ms. Sharon Sutherland is towards AAFES associates/people in
general.  Your investigation will reveal a definite lack of
leadership with regard to Area Management Supervisors
taking charge and effectively dealing with a known problem
employee.  Instead they retreat and allow her to abuse and
assault employee character which has a negative impact on
moral, productivity and career building.  Please do not
prolong this investigation any further by requesting
additional information from me.  You have employee statements
from employees who worked directly with Ms. Sutherland and
they have validated my complaint.

Richard F. Reznak
Combined Service Station Manager
Fort Wainwright / Eielson AFB



# ATTACHMENT 6

CV-EEO                                                                    1 1 SEP 1997

SUBJECT:     Notice of Investigation of Discrimination Complaint – Richard F. Reznak
             and William Cohen, Secretary of Defense (AAFES No. 97.088)


Mr. Richard F. Reznak
2652 Lisa Ann
North Pole, AK 99705


1.      This letter is in reference to your formal complaint of discrimination (AAFES
No. 97.088).

2.      This is to notify you that an investigation of your complaint of discrimination will
be conducted.  The investigator will be contacting you in the near future to coordinate
the date and time of the investigation.

3.      The issue accepted for investigation is whether you were discriminated against
because of your sex (male) when, Ms. Sharon Sutherland made "slanderous damaging
remarks" to you and about you to other AAFES employees which resulted in your
character being assaulted and your work relations and performance rating suffering.

4.      You have the right to have a representative present when the EEO investigator
takes your testimony under oath or affirmation.  At that time, you will have the
opportunity to present evidence and testimony in support of your claim.

5.      If you do not agree that the issue to be investigated as stated in paragraph 3,
above, is completely and correctly stated, please let me know *within 10 calendar
days after the date you receive this letter.*


     "SIGNED"


MARCIA E. DRANE
EEO Manager (Complaints)


# ATTACHMENT 7

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE DISTRICT OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON

```
                                )
The Complaint of:               )
                                )
RICHARD F. REZNAK,              )
                                )
          Complainant,          )   EEOC No. 380 98 8112X
                                )
and                             )   Agency No. 97-088
                                )
WILLIAM COHEN,                  )
Secretary of Defense,           )
(Army & Air Force               )
          Exchange Service),    )
                                )
          Respondent Agency.    )
                                )
```

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**WITHOUT A HEARING**

## I.   INTRODUCTION

Richard Reznak ("Reznak" or "complainant") is employed by the Army & Air Force Exchange Service ("AAFES" or "agency") and is the manager of two service stations located at Fort Wainwright and Eielson Air Force Base near Fairbanks, Alaska.  His complaint relates to an incident on December 19, 1996, where a fellow AAFES employee, Sharon Sutherland, called him a "male chauvinist sexist pig," and continued to malign him to her co-workers.  Reznak alleges that her behavior constitutes sexual harassment.  He further alleges that this incident with Sutherland became known to his supervisors, and the incident, together with this EEO complaint had a negative impact on his July 1997 performance evaluation.

Based on my review of the record in this case, I find that the

# ATTACHMENT 8

agency did not subject Reznak to any behavior that rises to the level of sexual harassment. Furthermore, I find that the agency did not engage in retaliation against Reznak for his EEO activity relating to this incident. I also find there are no genuine issues of material fact which would require a hearing in this case, and I find that the issuance of findings and conclusions without a hearing is appropriate.

## II.   **BACKGROUND**

### A.   Facts

The following is a chronology of the events which led to this decision. Reznak has worked with AAFES since 1974, and has held several retail and automotive managerial positions. He alleges that on December 19, 1996, Sharon Sutherland, the manager of the Exchange Finance and Accounting Office, made "slanderous damaging remarks" against him. During a telephone conversation regarding inaccuracies in branch operating paperwork, Reznak, in an attempt to gain her assistance, said he needed more than "lip service" from Sutherland. She angrily told him his remark was "male, sexist, and chauvinistic," that she would report the matter to Reznak's second-line supervisor, William Raher, and then she promptly terminated the conversation. See Report of Investigation ("ROI"), Reznak Affidavit, Affidavit A, p. 5. Reznak also claims he heard from other employees in the Administrative Office that Sutherland referred to him as an "animal" and would deliberately avoid having contact with Reznak when he was in the building. See ROI Reznak Affidavit, p. 6.

2

Ms. Sutherland acknowledges she took offense at Reznak's remark, but characterized it as part of a frustrating and abrasive series of interactions with Reznak. She denied that her animosity was motivated out of a 1994 EEO complaint of sexual harassment directed at Reznak in which she was the EEO counselor. See ROI Sutherland Affidavit, Affidavit D, p. 6.

Reznak alleges that the agency downgraded his Performance Evaluation Report ("PER") in July 1997, because one of his evaluators, William Raher, was influenced by Sutherland's remarks against Reznak. Complainant cites the increased productivity and profitability of his facilities as evidence that his performance should be considered 'superior.' See Reznak Affidavit, p. 7.

Raher and Reznak's first-line supervisor, Marvin Smith, contend that although they knew of the current EEO incident, they based Reznak's PER rating only on his managerial performance. They cited Reznak's argumentative attitude and regular deferral of customer complaints to the legal office as examples of areas that needed improvement before his performance could be considered 'superior.' See Raher Affidavit, Affidavit B, pp. 4-5.

B.   Procedural History

Sutherland's comments were made on December 19, 1996, and Reznak sought EEO counseling the same day. Counseling did not resolve the dispute, and the agency gave Reznak notice of his right to file a discrimination complaint on April 28, 1997. Reznak filed a formal EEO complaint on April 28, 1997, and the agency accepted it on September 11, 1997. The agency conducted its investigation

3

in September 1997, and issued its Report of Investigation on November 3, 1997.  The agency sent complainant his Notice of Right to Hearing on November 20, 1997.  Reznak requested a hearing on December 15, 1997, and the agency forwarded the case to the EEOC on January 15, 1998, with a request for the assignment of an administrative judge to hear the case.

On January 21, 1998, I issued an Acknowledgment and Order which acknowledged receipt of the case and provided the parties with instructions on various subjects, including that of issueing findings and conclusions without a hearing.  On March 27, 1998, the agency filed a motion for the issuance of findings and conclusions without a hearing.  The complainant responded on April 17, 1998, stating his objections to the agency's request for findings and conclusions without a hearing.[1]

## III.  ISSUE

The issue presented is whether Reznak, as the party opposed to an issuance of findings and conclusions without a hearing, met his burden to show there is a genuine issue of material fact as to whether the agency sexually harassed complainant on or about December 19, 1996, or committed acts of reprisal against him because of his protected EEO activity when it rated complainant as outstanding in his 1997 Performance Evaluation Report in July 1997.

---

[1]    On November 9, 1999, revised regulations governing the EEOC's federal sector complaint process went into effect.  *See* 29 C.F.R. § 1614.  These regulations apply to all Federal sector EEO complaints pending at any stage in the administrative process. The new regulations may also be found at the Commission's website at www.eeoc.gov.

## IV. APPLICABLE LAW

### A. Prima Facie Case in General

In any proceeding, either judicial or administrative, involving a charge of discrimination, it is the burden of the complainant to initially establish that there is some substance to his or her allegation of discrimination. In order to accomplish this burden, the complainant must establish a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Furnco Construction Co. v. Waters, 438 U.S. 567 (1978). This means that the complainant must present a body of evidence such that, were it not rebutted, the trier of fact could conclude that unlawful discrimination did occur.

If the complainant meets his burden of presenting a prima facie case, then the agency has the burden of production to articulate legitimate, nondiscriminatory reasons for its actions. If the agency meets this burden, then the complainant has the burden to demonstrate that the agency's articulated reasons are a mere pretext for unlawful discrimination. Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981); St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993). A finding of pretext or cover-up permits the trier of fact to conclude that the employer unlawfully discriminated, unless the employer's cover-up is conclusively shown to have a non-discriminatory reason. Reeves v. Sanderson Plumbing Products, Inc., ___ U.S. ___, 120 S.Ct. 2097 (2000).

### B. Prima Facie Case for Sexual Harassment

5

In cases where a complainant alleges an agency subjected him or her to a "hostile environment" type of sexual harassment, the complainant must first establish that he or she was subjected to unwelcome, sex-based conduct that was so severe or pervasive as to alter the work environment, and the agency had notice of the harassment yet failed to provide a prompt remedy. If a complainant establishes a prima facie case for harassment, then the burden to come forward shifts to the agency to present its rebuttal evidence. The agency may deny either the elements of the prima facie case (for example, the agency may show that the conduct was not "unwelcome," not "sex-based," not sufficiently "severe" or "pervasive," or that the agency had no notice of the conduct), or raise an affirmative defense (for example, the agency is not liable because it took "prompt and appropriate remedial action"). The complainant retains the burden of persuasion at all times to demonstrate discrimination by a preponderance of the evidence. Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75 (1998); Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993); Meritor Savings Bank v. Vinson, 477 U.S. 57 (1986); Intlekover v. Turnage, 973 F.2d 773 (9th Cir. 1992); Ellison v. Brady, 924 F.2d 872 (9th Cir. 1991); EEOC v. Hacienda Hotel, 881 F.2d 1504 (9th Cir. 1989). See also, Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998); Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

C.   Prima Facie Case for Reprisal

A prima facie case for reprisal or retaliation for prior EEO activity under Title VII of the Civil Rights Act requires that

6

complainant (1) engaged in a protected activity and the agency knew
of it, (2) suffered an adverse employment decision, and (3) a
causal link exists between the two. Hashimoto v. Navy, 118 F.3d
671 (9ᵗʰ Cir. 1997); Trent v. Valley Electric Ass'n, 41 F.3d 524 (9ᵗʰ
Cir. 1994); Steiner v. Showboat Operating Co., 25 F.3d 1459 (9ᵗʰ
Cir. 1994), cert. denied, 513 U.S. 1082 (1995). The
"participation" clause of Section 704(a) has been broadly construed
to cover all aspects of communicating allegations or evidence to a
civil rights enforcement agency.

D.    Findings and Conclusions Without a Hearing

The Commission's regulations at 29 C.F.R. § 1614.109(g) are
patterned after the summary judgment procedure prescribed in the
Federal Rules of Civil Procedure, Rule 56. Like Fed.R.Civ.P. 56,
the Commission's regulations allow a judge to issue a decision on
the merits without a hearing when the judge finds that there is no
genuine issue of material fact to be decided.

Several Supreme Court decisions discuss when a judge may grant
a motion for summary judgment. In Celotex Corp. v. Catrett, 477
U.S. 317 (1986), and Anderson v. Liberty Lobby, Inc., 477 U.S. 242
(1986), the Court stated that a judge should grant a motion for
summary judgment when the party opposing the motion fails to
demonstrate affirmatively, by specific factual allegations, that
there is a genuine issue of material fact which requires trial.

To show that there is a genuine issue of material fact, the
party opposing the motion must do more than simply show that there
is some "metaphysical doubt" as to the material facts. Matsushita

7

Electric. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 486 (1986). Rather, he must show by admissible evidence that he arguably can establish each of the elements of his prima facie case, and ultimately meet his burden to prove discrimination by a preponderance of the evidence. Spangle v. Valley Forge Sewer Authority, 839 F.2d 171, 173 (3rd Cir.), cert. denied, 108 S.Ct. 732 (1989).

## V.   ANALYSIS

### A.   Reznak's Claim of Sexual Harassment

It should be recognized that each complainant's allegation of discrimination is premised upon a particular set of facts and, therefore, the evidence required to establish a prima facie case must of necessity vary from one case to the next.

Here, I conclude that complainant has not established a prima facie case of discrimination on the basis of sexual harassment.

Taking Reznak's factual allegations as true, he is able to show that he was an unwelcome recipient of a contemptuous remark that was gender-based. However, a single event does not meet the pervasiveness requirement and I find that the incident by itself was not severe enough to create a sexually hostile working environment.

There is no "mathematically precise test" to determine if a sexually hostile workplace environment exists. It is determined by looking at all the circumstances: "frequency of discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether it

8

unreasonably interferes with an employee's work performance." Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993).

The circumstances here do not indicate a consistent or severe campaign of sexual harassment targeted at Reznak. The complainant cites only one major incident, which did not involve any physical contact, nor any threat or intimation of violence. Other remarks by Sutherland (i.e. referring to Reznak as an "animal") were not made in his presence and are not necessarily gender-based.

Although other employees were within earshot of Sutherland, her comment did not appear to be a public act of humiliation, only a rebuke for a remark she (reasonably or unreasonably) found offensive. This interaction seems consistent with the generally acrimonious nature of the relationship between Reznak and Sutherland, which Smith described as "two hard-headed adults doing battle with each other." See ROI Smith Affidavit, Affidavit C, p. 3. The combination of an antagonistic (but non-sexual) environment with one incident involving a gender-based slur cannot be considered a sexually hostile working environment. See Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 78 (1998). Thus, I find that the complainant failed to establish the severity or pervasiveness element of the prima facie case for sexual harassment.

B. Reznak's Argument for Reprisal

Here, I conclude the complainant has not established a prima facie case of discrimination based on retaliation for prior EEO activity. While Reznak was involved in EEO activity and later

9

experienced an adverse action in the form of a Performance Evaluation Report rating that was lower than expected, he does not demonstrate a causal nexus between the rating and his protected activity.

The PER in question covers the period of May 1, 1996 to May 31, 1997. It was prepared on June 23, 1997, by Marvin Smith, who rated Reznak 'outstanding' (the second highest category, below 'superior') and recommended 'advance ahead of all others.' The report was approved on July 2, 1997 by William Raher, who did not concur with Smith's assessment and recommended that Reznak 'advance with contemporaries.' See ROI Exhibit H, p. 2. This was a step down from Reznak's 1996 PER, where he was rated 'outstanding' and 'advance ahead of all others.' See Exhibit H, p. 8.

Reznak contacted his EEO counselor in December 1996 and filed his formal complaint on April 28, 1997. Previously, in late 1994 a female employee filed an informal sexual harassment complaint naming Reznak as the alleged discriminating official. Sutherland acted as the EEO counselor on this matter, but it did not progress to the formal complaint stage. More importantly, Reznak's EEO complaint was pending while the agency prepared Reznak's performance evaluation on June 1997. Thus, there is an overlap of time and a close proximity of time exists between the two events.

Nonetheless, there is no other evidence that links the performance evaluation with Reznak's EEO activity. The PER does not mention his interactions with Sutherland or other support staff; instead, the only negative comments made are that Reznak

10

should "further develop and refine his management skills" and "take a more progressive role of being a duel [sic] manager who can support and deliver the AAFES Mission and Customer Service Goals." See ROI Exhibit H, p. 2.  The ratings and comments given are consistent with a sampling of evaluations of other comparable retail managers.  See ROI Exhibit M.

Furthermore, Marvin Smith and William Raher both stated by affidavit that they rated Reznak solely on operating results and other factors relating to job performance. Smith and Raher did not compare Reznak to other managers and did not consider his interaction with co-workers.  See ROI Smith Affidavit, p. 3. Smith's and Raher's comments on the PER were largely consistent with evaluations of Reznak prior to his EEO complaint:  his 1996 evaluation suggested that he "needs to improve his disposition toward upper management." See Exhibit H, p. 8.  Also, Reznak's 1995 evaluation, written by Leo Holland and approved by Rita Doerner, suggested that "improvement in interpersonal skills would result in great management potential." See Exhibit H, p. 12. Given the consistency among these evaluations, there is nothing to indicate that management's assessment of Reznak's strengths and weaknesses changed in the wake of his EEO activity. Thus, I find there is no claim of discrimination based on reprisal.

C.  Agency Burden

While I have concluded that the complainant did not establish a prima facie case of reprisal for EEO activity, the agency did come forward during the investigation of this case to bring its

11

evidence on these allegations into the record, and this decision is based on the evidence in its entirety and not just that evidence going to the question of whether a prima facie case was established.

I find that the Agency has offered legitimate, nondiscriminatory explanations for its decision not to give Reznak ratings of 'superior' and 'advance ahead of all others.' Smith and Raher contended in their affidavits that, while Reznak had made substantial improvements at the facilities he managed, there were still deficiencies with Reznak's performance that would prevent him from receiving the highest-possible ratings. Raher stated Reznak was not "pro-customer service," and that he was prone to referring customer complaints to the legal office instead of resolving them on his own. See Raher Affidavit, p. 5. Also, Smith said Reznak was not sufficiently detail-oriented; for instance, he needed reminders to cut the grass and sweep the parking lot at his facilities. See Smith Affidavit, p. 5. In view of these deficiencies, the decision not to give Reznak the highest possible ratings is a legitimate business decision.

The complainant argues that this is a "mixed motive" case because the agency was "partially motivated" by the complainant's protected participation. Therefore, according to complainant, he should prevail without using the burden-shifting structure of the McDonnell Douglas-Burdine-Hicks test. See Price Waterhouse v. Hopkins, 490 U.S. 228, 244 (1989). However, Reznak has not offered direct or any other evidence that the employer's decision was

12

motivated in part by an unlawful factor or retaliatory intent for prior EEO activity.

### D. Pretext

Since I found there was no prima facie case of reprisal, pretext does not need to be addressed. Nonetheless, I did review the report of investigation and complainant's written responses, and I find that Reznak has not offered any direct or circumstantial evidence that would indicate the agency's actions were a pretextual cover-up for discrimination based on reprisal.

### E. Findings of Fact and Conclusions of Law Without a Hearing

This is an appropriate case for findings and conclusions without a hearing. Reznak has not raised any disputed material issues of fact which would require a hearing on the agency's decision not to give him the highest ratings on his 1997 Performance Evaluation Report. Taking the facts as the complainant presents them, he has failed to establish a prima facie case of sexual discrimination based on a hostile workplace environment or of discrimination based on reprisal for prior EEO activity, and he has not made a showing that the agency's reasons for its actions were not legitimate or were pretextual. As a result, this case may be dismissed without a hearing.

## VI.   FINDINGS AND CONCLUSIONS

To summarize, I found that Reznak failed to establish the severity or pervasiveness requirement of the prima face case for discrimination based on sex, and that Reznak failed to establish the causal connection requirement of the prima facie case for

13

discrimination based on reprisal.

I found that the agency articulated legitimate and non-discriminatory reasons for its actions, and that Reznak did not demonstrate that the agency's actions were a mere pretext for sexual discrimination or reprisal.

Finally, I have found there are no disputed material issues of fact that would require a hearing in this case.  As such, my findings of fact and conclusions of law are that the agency did not discriminate against the complainant in his 1997 Performance Evaluation Report or in allowing a sexually hostile work environment.

## VII. NOTICE

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. § 1614.109(g). **With the exception detailed below, the complainant may not appeal to the Commission directly from this decision.** EEOC regulations require the agency to take final action on the complaint by issuing a final order notifying the complainant whether or not the agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision.  The complainant may appeal to the EEOC within thirty (30) calendar days of receipt of the agency's final order. The complainant may file an appeal whether the agency decides to fully implement this decision or not.

The agency's final order shall notify the complainant whether

14

or not the agency will fully implement this decision and shall contain the notice of the complainant's rights set out in sections 1614.110 and 1614.401 through .403.

If the agency has not issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, the complainant may file an appeal to the Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. The complainant should furnish a copy of the appeal to the agency at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the agency.

All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

> Director, Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 19848, Washington, D.C. 20036
> Fax No. (202)663-7022

Facsimile transmissions over 10 pages will not be accepted.

The complainant also has the right to file a civil action in federal district court within ninety (90) days of any final action by the agency or by the EEOC on his complaint. The complainant may also file in federal district court after 180 days from the date that the formal administrative complaint was filed, or 180 days after filing an appeal with the EEOC's Office of Federal Operations.

///

///

///

15

Any prehearing memoranda, correspondence, or orders in this case are considered to be part of the record, and both parties are already in possession of copies.

## VIII.   SIGNATURE AND DATE

_August 31, 2000_
Date

_S R Goff_
Steven R. Gaffin
Administrative Judge

16



Army & Air Force Exchange Service
P.O. Box 650077
Dallas, TX 75265-0077
(214) 312-2607

**0 1 OCT** 2000

CV-EEO

SUBJECT:  Notice of Final AAFES Order - Richard F. Reznak and William Cohen,
Secretary of Defense (AAFES No. 97.088)


Mr. Richard W. Wright
Attorney at Law
250 Cushman Street, #500
Fairbanks, AK 99701


1.  This is in reference to the formal complaint of discrimination filed by your client, Mr.
Richard F. Reznak (AAFES No. 97.088).

2.  By letter received on September 5, 2000, Administrative Judge Steven R. Gaffin's,
Seattle District Office, Equal Employment Opportunity Commission (EEOC), decision on
the record was forwarded on Mr. Reznak's complaint. The decision found no
discrimination on the basis of his sex or in retaliation for having participated in protected
EEO activity with respect to his claim. In the absence of a finding of discrimination,
remedial action has been determined to be inappropriate. It is the final order of AAFES
in this matter to fully implement the Administrative Judge's decision without modification.

3.  This is the final action on his complaint. Within 30 calendar days of your receipt of this
decision, he has the right to appeal the decision to:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 19848
Washington, DC 20036

4.  When filing his appeal, he should use EEOC Form 573, Notice of Appeal/Petition
(Enclosure 1). He may file his appeal by mail to the above address, or by personal
delivery to:

Equal Employment Opportunity Commission
Office of Federal Operations
1801 L Street, N.W.
Washington, DC 20507

or by facsimile to:

(202) 663-7022.

# ATTACHMENT 9

CV-EEO
SUBJECT:  Notice of Final AAFES Order - Richard F. Reznak and William Cohen,
Secretary of Defense (AAFES No. 97.088)

5.  If his appeal is filed beyond the thirty (30) day period, he should provide an explanation as to why his appeal should be accepted despite its untimeliness. If he cannot explain why his untimeliness should be excused in accordance with 29 C.F.R. §1614.604, the Commission may dismiss the appeal as untimely.

6.  He will have thirty (30) calendar days from the date his appeal is filed to submit a brief and any other documents in support of the appeal. The original must be submitted to the Director, Office of Federal Operations. He may not submit his brief or supporting documents by facsimile if it is more than ten (10) pages long.

**7.  He must also submit a copy of the appeal (EEOC Form 573) and any supporting brief or documents to the Office of Equal Employment Opportunity, Headquarters AAFES-CV-EEO, P.O. Box 650077, Dallas, TX 75265-0077.** He should hand-deliver or submit the copy of his appeal and other documents by mail, commercial courier or delivery service, or facsimile to (214) 312-2651. In his appeal to the Commission he must certify the date and method by which he provided AAFES with a copy of his appeal.

8.  He also has the right to file a civil action under Title VII, the ADEA and the Rehabilitation Act in an appropriate United States District Court. If he chooses to file a civil action, he may do so:

- within 90 days of receipt of this final decision if no appeal has been filed, or

- within 90 days after receipt of the Commission's final decision on appeal, or

- after 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

9.  If he decides to file a civil action under Title VII of the Civil Rights Act of 1964, as amended, or the Rehabilitation Act of 1973, as amended, and he does not have or cannot afford the services of an attorney, he may request that the Court appoint a lawyer to represent him and that the Court permit him to file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend his time in which to file a civil action. Both the request and the civil action **MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS** of the date you receive the final decision.

10.  He is further notified that if he files a civil action, he must name the person who is the official agency head or department head as the defendant.  Agency or department means the national organization, and not just the local office facility or department in which he

2

CV-EEO
SUBJECT:   Notice of Final AAFES Order - Richard F. Reznak and William Cohen,
           Secretary of Defense (AAFES No. 97.088)

might work.  Do not name just the agency or department.  In his case, he must name
**William Cohen, Secretary, Department of Defense,** as the defendant.  Failure to
provide the name or official title of the agency head or department head may result in
dismissal of his case.

MARIANN I. MARTIN
Deputy Director, EEO

Encl

cf:
Steven R. Gaffin
Administrative Judge
Seattle District Office, EEOC
909 First Avenue, Suite 400
Seatle, WA 98104-1061

Richard F. Reznak
2652 Lisa Ann Drive
North Pole, AK 99705

William F. Sayegh, GC-E & L

3

# NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### OFFICE OF FEDERAL OPERATIONS

1. Appellant's name (Last, First, Middle): [Please Print or Type]

2. Home/mailing address:                         Social Security No.: _____ - ___ - ____

3. Name and address of attorney or other representative, if any:

4. Appellant's daytime telephone number (incl. area code):     5. Representative's telephone number (if applicable):

6. Has the appellant filed a formal complaint with his/her agency?

☐ No          ☐ Yes - indicate the Agency's complaint number: _____

7. Name of the agency being charged with discrimination:

8. Location of the duty station or local facility in which the complaint arose:

9. Has a FINAL DECISION been issued by the agency, an Arbitrator, FLRA, or MSPB on this complaint?

☐ YES (Indicate the date the appellant RECEIVED it _____, and ATTACH A COPY.)

☐ NO

☐ This appeal alleges a breach of a settlement agreement.

10. Has a complaint been filed on this same matter with this Commission, another agency, or through any other administrative or collective bargaining procedure?

☐ NO   ☐ YES (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate).

11. Has a civil action (lawsuit) been filed in connection with this complaint?

☐ NO   ☐ YES (ATTACH A COPY OF THE CIVIL ACTION FILED)

12. Signature of appellant or appellant's representative        13. Date:

**NOTICE:** Before mailing this appeal, be sure to <u>attach a copy of the final decision</u> from which you are appealing, if one has been issued. Any comments or brief in support of the appeal MUST be filed with the Commission AND with the agency within 30 days of the date this appeal is filed. Making a knowingly false statement on this form is punishable by law. See 18 USC § 1001. **PRIVACY ACT STATEMENT ON REVERSE SIDE.**

**FOR EEOC USE ONLY:**                          **OFO DOCKET NUMBER:**

EEOC FORM 573 REV 4-92

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1.   **FORM NUMBER/TITLE/DATE:** EEOC Form 573, Notice of Appeal/Petition, April 1992.

2.   **AUTHORITY:** 42 U.S.C. §2000e-16.

3.   **PRINCIPAL PURPOSE:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.

4.   **ROUTINE USES:** Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.

5.   **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

---

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

REZNAK, RICHARD F.                          PRO CODE: 9184AKPP   STATUS: RETIRED
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 TSS ID: NOT FND

     LAST ACTION: IER - (25) -- RIF                            CATEGORY: RFT
EFFECTIVE DATE: 30 APR 2001                                   PAY PLAN: S/E
  PROCESS DATE: 04 MAY 2001                              WAGE SCHEDULE: ZZ
                                                          GRADE/LEVEL: 04
  FACILITY NBR: 9181-1303-00                               STEP/TIER: 02
 FACILITY NAME: WAINWR SVC/STA APS                              BHR: 26.50
                                                                BAR: 55,306
  DUTY FAC NBR: 9181-1303-00                             COM REG %: 00.0
 DUTY FAC NAME: WAINWR SVC/STA APS                       COM OVR %: 00.0
                                                   BHR INC/DECREASE %:

      JOB CODE: 511VU42E3B
     JOB TITLE: STORE MGR (BR/GAS)

    PAY SYSTEM: PB001


                        PROCESSED BY: 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 ON 04 MAY 2001 AT 18:40

  PF 3=RETURN 7=BACKWARD 8=FORWARD                             _____  __


# ATTACHMENT 10