RECEIVED

MAY 1 5 2006

CLERK, U.S. DISTRICT COURT
FAIRBANKS, ALASKA

**Richard F. Reznak**
**P.O. Box 55129**
**North Pole , Alaska**
**Zip  99705**
**Plaintiff,**

**May 10, 2006**

Reply to

**Case No. F05-0007 CV RRB**
**Motion  To The  Defendants**
**Motion to Compel Opposition**

**vs**
**Donald H. Rumsfeld**
**Secretary of Defense , in capacity as head**
**of The Army and Air Force Exchange Service .**

**The Defendant filed an opposition to the Plaintiff's Motion to Compel.
This is the  Plaintiff's opposition to that motion.**

### Introduction

**The Defendants  opposition  to the Plaintiff's  Motion  to Compel is in
question. The  United  States  responded  to  two  separate  Discovery
requests  in  there opposition motion which both quantify the Plaintiffs
Motion  to  Compel. The  Plaintiff  requested specifics and  articulated
the necessity  to  apply  regulations which was denied. The Defendant
has danced around these requirements and then admitted  the Plaintiff
was terminated without the required RIF roster.  If the Defendant does
not  provide  a reasonable  response  in the  process  of Discovery then
it can only be obtained with the assistance of the court.   ( Exhibit 1 )**

### Argument

**A. The Defendant  failed  to certify any attempts to confer  directly  on
Discovery issues  required  by  Rule 37 ( a ) ( 2 ) ( A) , F.R. Civ. P.   And
Local Rule 37 .1 a. The United States  failed  to conferree directly with
the Defendant about obvious erroneous information passed for fact the
Plaintiff identified  in  his original  complaint. By  the  Defendants  own
rules  outlined in EOP 15 - 10, 1-21 Falsification  of  Records  needs  to
be investigated  by the United  States attorney.  The  allegations  that
the Plaintiff made are proven to be correct and factual.   ( Exhibit 2 )**

**- 1 -**

**B. The Plaintiff's Motion to Compel is realistic. The Defendant must be held accountable to the truth. Previously the Defendant requested an extension to the Discovery deadline which was graciously agreed to by the Plaintiff. If the Defendant needed more time to answer the two Discovery requests that should have been the normal coarse of action and could have been arranged . The Defendants quickness to file an opposition to the Motion to Compel plainly signifies a hasty effort to elude major issues that include the Plaintiff's unlawful termination of employment and the continuance of reprisal.**

## Conclusion

**The United States failed to completely answer Discovery requests in good faith. The United States used speculation as their argument to avoid answering sensitive questions. I do agree with the Defendant that given the seriousness of the issues a legal conclusion in trial appears to be the only alternative to resolving this case.**

**The Motion to Compel should be carefully considered and granted without further delay.**

**Richard F. Reznak**
**Plaintiff , Pro-Se**

- 2 -

DEBORAH M. SMITH
Acting United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
daniel.cooper@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

RICHARD F. REZNAK,

        Plaintiff,

        v.

DONALD H. RUMSFELD,

        Defendant.

Case No. 4:05-cv-7-RRB

**OPPOSITION TO MOTION
TO COMPEL DISCOVERY**

Richard Reznak has moved to compel discovery at Docket 15. This is the
opposition to that motion.

1.    <u>Introduction</u>.

Mr. Reznak served his first discovery request on the United States on
February 23, 2006 (Exhibit 1). Mr. Reznak served his second discovery request



on the United States on March 22, 2006 (Exhibit 2). The United States served the response to the first discovery request on Mr. Reznak on or about March 31, 2006 (Exhibit 3). The United States has not prepared or served any response to the second discovery request.

2.    Argument.

      A.    Mr. Reznak failed to certify any attempts to confer on the discovery issue as required by Rule 37(a)(2)(A), F.R.Civ.P. and Local Rule 37.1(a).

Both Rule 37(a)(2)(A), F.R.Civ.P. and Local Rule 37.1(a) require that a party seeking the court's assistance in obtaining factual discovery first make an attempt to obtain the discovery from the opposing party. Moreover, the rules require that the party bringing the motion certify in the motion that they have in good faith conferred with the other party in an attempt to resolve the dispute. Mr. Reznak has both failed to confer with the attorney for the United States about the disputed answers, and has failed to include the required certification to that effect in his moving papers. The motion is deficient on its face, and should be denied for that reason.[1]

---

    [1] It is not an abuse of discretion for a district court to deny a motion to compel discovery when the moving party failed to certify it had first conferred with the opposing party. Childress v. Darby Lumber Company, 357 F.3d 1000, 1010 (9th Cir. 2004).

Reznak v. Rumsfeld
4:05-cv-7-RRB                                  -2-

    B.    Mr. Reznak has failed to identify with specificity the answers and
           productions which he believes are incomplete or deficient.

The Motion to Compel is generally vague as to the answers which Mr.

Reznak finds objectionable. However, it seems a fair reading of the Motion to

Compel that Mr. Reznak finds the answers incomplete or evasive. Mr. Reznak

does not contend that no answers were given, but only that he takes issue with the

answers provided. He therefore seeks the court's assistance in obtaining new

answers, presumably ones that are more acceptable to his theory of the case. Mr.

Reznak does not seek sanctions such as preclusion of evidence in this motion.

The United States attempted in good faith[2] to respond to Mr. Reznak's

requests. Mr. Reznak does not like the answers. However, it is not uncommon for

the parties to disagree on particular facts in a lawsuit. To contend that the United

States "provided an erroneous interpretation of AR 60-21/AFJMAN 34-218" is to

put the fact in issue. The litigation is clearly over whose interpretation of this

regulation is the correct one. The United States does not concede that it is in error

on this issue, and the determination of the issue awaits the determination of the

---

    [2] The responses were signed by the attorney for the United States. The
signature is the attorney's representation to the court that the matters set forth are
true and correct to the best of the attorney's knowledge information and belief
based upon reasonable inquiry. see, e.g., Rule 11(b), F.R.Civ.P.

Reznak v. Rumsfeld
4:05-cv-7-RRB          -3-

court after both parties have presented relevant evidence. Stated another way, Mr. Reznak does not seek compulsion of an answer by the United States, he seeks compulsion of the ultimate factual question. The United States has denied his version, and the fact is in issue awaiting trial or other disposition.

The United States made one admission in response to Mr. Reznak's request for Production Numbers 2 and 3: Ms. Esposito did not prepare a RIF roster. This factual issue is resolved. Whether the absence of the RIF roster is of any legal significance or consequence is a central dispute in this litigation. The United States answered that the RIF was properly reviewed by the appropriate authority. The remainder of Request 3 is not applicable because the action was reviewed.

The United States declined to answer Request 4 because it called for speculation. No RIF roster was prepared. The call of the question was conditioned upon the preparation of a RIF roster (i.e. If a RIF roster was prepared ... would I ...). Since there was no RIF roster, the United States was called to speculate on what would have happened. The United States declines to do so. The balance of Request 4 requests the United States to prepare a document or documents as evidence. The United States is not required to do so. The United States is only required to produce those records in its possession or control.

Reznak v. Rumsfeld
4:05-cv-7-RRB                              -4-

Requests 6 and 7 are legal arguments, and do not request answers, admissions or documents.  The United States can not provide answers when no questions are asked, nor can they make admissions when no admissions are requested, nor can they produce documents when no documents are requested.  The United States is not required to respond to discovery requests when none are made.  The United States therefore declined to answer those requests.

     C.     No response is required to be made to the Discovery Request dated March 20, 2006 because the request is not timely.

Mr. Reznak served the Discovery Request on the United States on March 22, 2006.  At that time, only 9 days remained before discovery closed on March 31, 2006.[3]  Mr. Reznak was required to make this discovery request on or before March 1, 2006 to allow the United States sufficient time to provide answers before discovery closed on March 31, 2006.  The United States is not required to answer these requests because they were served without adequate time in which to respond.

According to paragraph 6 of the Scheduling and Planning Order[4], "All discovery must be scheduled to be completed by January 30, 2006." (Emphasis in

---

[3]  Order for Extension of Discovery, Docket 13.

[4]  Docket 10, p. 2.

Reznak v. Rumsfeld
4:05-cv-7-RRB         -5-

original). That date was extended to March 31, 2006 by agreement between the

parties and with the court's order.[5] Answers to interrogatories and requests for

production are due thirty days after service.[6] Less than 10 days remained before

close of discovery when the discovery requests were served. Thus, the requests

are untimely. The court should enforce its Scheduling and Planning order and

deny the Motion to Compel with respect to these requests as explained below.

A court is required by Rule 16(b) F.R.Civ.P. to make and enforce

scheduling orders. The Rule itself provides that parties may be added and

amended only upon a showing of good cause.[7] Rule 16 governs the conduct of

litigation once the court enters its Scheduling and Planning Order. Johnson v.

---

[5] Stipulation for Extension, Docket 12; Order Granting Extension, Docket 13; Order setting Discovery Due Date March 31, 2006, Docket 14.

[6] See, e.g., Rules 33(b)(3), 34(b), F.R.Civ.P.

[7] Rule 16(b) provides, in relevant part:

(b) Scheduling and Planning. Except in categories of actions exempted by district court rule as inappropriate, the district judge,... shall ... enter a scheduling order that limits the time

...

(3) to complete discovery. ...

A schedule shall not be modified *except upon a showing of good cause* and by leave of the district judge... . (Emphasis added).

Reznak v. Rumsfeld
4:05-cv-7-RRB                    -6-

Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).   As the Johnson court

concluded:

> A scheduling order "is not a frivolous piece of paper, idly entered, which
> can be cavalierly disregarded by counsel without peril." *Gestetner Corp.*,
> 108 F.R.D. at 141.  The district court's decision to honor the terms of its
> binding scheduling order does not simply exalt procedural technicalities
> over the merits of Johnson's case. Disregard of the order would undermine
> the court's ability to control its docket, disrupt the agreed-upon course of the
> litigation, and reward the indolent and the cavalier.  Rule 16 was drafted to
> prevent this situation and its standards may not be short-circuited by an
> appeal to those of Rule 15. *Forstmann*, 114 F.R.D. at 85; *Financial Holding
> Corp.*, 127 F.R.D. at 166; *see also Riofrio Anda v. Ralston Purina Co.*, 959
> F.2d 1149, 1155 (1st Cir.1992) (permitting amendment under Rule 15(a) in
> violation of district court scheduling order "would have nullified the
> purpose of rule 16(b)(1)").
>
> As the torrent of civil and criminal cases unleashed in recent years has
> threatened to inundate the federal courts, deliverance has been sought in the
> use of calendar management techniques. Rule 16 is an important component
> of those techniques. We will not snatch it away or destroy its effectiveness
> by requiring district courts to countenance the practices exemplified by the
> facts of this case.

Johnson v. Mammoth Recreations, Inc., at 610 - 611.

Simply stated, the court should enforce its earlier scheduling order.

However, the United States offers the following analysis of Mr. Reznak's

discovery request to assist the court in whether the United States should be

compelled to respond to the requests:

Reznak v. Rumsfeld
4:05-cv-7-RRB                         -7-

Request 1 refers the reader to a graph prepared by Mr. Reznak. Mr Reznak does not provide an evidentiary basis for the data points on the graph. The United States can not even comment on the graph, much less answer any questions about the graph or what it represents without the evidentiary basis for the data points.

Request 2 refers to "official counseling card records" which are not further identified as to content or dates to be produced. The United States would, in any event, need additional information to identify the precise records which Mr. Reznak seeks, as well as the relevant time period, in order to produce these documents.

Request 3 requests information presumably related to damages: why AAFES denied his request to return to the United States. Mr. Reznak did not request "to return back to the Continental United States" upon his separation from service with AAFES. Therefore, there was no denial. Had he made such a request, it would have been denied because, given Mr Reznak's status as "im-mobile,"it would have been against regulation to do so.

Request 4 appears to be a statement by Mr. Reznak about what he intends to do, and a request dealing with scheduling matters. No response is required by the United States to any of the statements or requests.

Reznak v. Rumsfeld
4:05-cv-7-RRB                          -8-

## CONCLUSION

The United States has answered the first discovery requests in good faith.
Mr. Reznak has failed to consult with the United States' lawyer on any of these
discovery issues. The United States has fully answered those discovery requests
to which answers may be given without speculation. The United States has
declined to provide answers to questions that call for legal conclusions or which
do not request admissions, documents or answers. The United States has met its
burden under the discovery rules of the Federal Rules of Civil Procedure.

Moreover, Mr. Reznak failed to serve his second discovery request in time
to allow the United States to answer the request before discovery closed. The
United States should not be compelled to provide answers to the discovery request
when Mr. Reznak violated Rule 16, F.R.Civ.P. and the Scheduling and Planning
Order.

The Motion to Compel should be denied.

/ / /

/ / /

/ / /

/ / /

Reznak v. Rumsfeld
4:05-cv-7-RRB                    -9-

Respectfully submitted, on April 24, 2006.

DEBORAH M. SMITH
Acting United States Attorney

s/ Daniel R. Cooper, Jr.
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3376
Fax: (907) 271-2344
E-mail: Daniel.Cooper@usdoj.gov
AK #8211109

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2006,
a copy of the foregoing Opposition to Motion
to Compel Discovery was served on

Richard F. Reznak
P O Box 55129
North Pole, AK 99705-0129

by regular U. S. mail.

s/ Daniel R. Cooper, Jr.

Reznak v. Rumsfeld
4:05-cv-7-RRB                    -10-

Richard F. Reznak
P. O. Box 55129
North Pole
Alaska 99705

February 16, 2006

TO: Mr. Daniel R. Cooper
Assistant U.S. Attorney
Federal Building & U.S. Court House
222 West Seventh Avenue # 9, Rm . 253
Anchorage , Alaska 99513- 7567

Case No. F05-0007 CV RRB

Discovery

Dear Mr. Cooper,

In accordance with the rules of Discovery, please provide answers and produce documents to satisfy the following discovery request :

1. Explain why the following retail positions were not applied to the RIF Roster :

| | |
|---|---|
| Main Store Manager Fort Wainwright | Grade 4 / 2 |
| Main Store Manager Eielson A. F. B | Grade 4 / 2 |
| Sales & Merchandise Manager Eielson A. F. B | Grade 4 / 1 |
| Sales & Merchandise Manager Fort Wainwright | Grade 4 / 1 |
| Operations Manager Fort Wainwright | Grade 4 / 1 |
| Operations Manager Eielson A. F. B | Grade 4 / 1 |

2. Explain why Mrs. Espsoito / House the AAFES Human Resource Manager for Alaska stated that a RIF roster was accomplished in accordance with AAFES regulations .

3. Was the assertion by Mrs. Esposito / House on the Advance Notice of Demotion due to Reduction in Force letter that a RIF Roster was in fact prepared, reviewed and approved by a higher authority ? If not, how did this critical personnel action go unchecked ?

- 1 -

EXHIBIT 1

4.   The  4 / 2 position at Eielson A. F. B.  was occupied by a  female employee with  half  my retail experience and years of employment. The employee mentioned in this position rapidly advanced and was promoted up  through the ranks by  Mrs. Esposito / House  and  Mrs. Burmingham  the Area Manager.  If  a RIF Roster was accomplished based on  retention scores and seniority would I have logically been offered that position instead of a demotion or a RIF  retirement ?   I request the RIF scenario be completely and correctly reconstructed as a direct  means of comparison.

5. All regulations considered , would  it be fair to access that  Mrs. Esposito / House 's choice not to produce a RIF roster  be considered discrimination  against  myself and other employees ?

6. With regard to a statute of limitations ,  for each day  that  goes by where my pay and retirement status is incorrect , a new action arises and continues to extend itself.  AAFES has failed to address a serious matter and elevate it to the proper authorities without delay.   AAFES simply needs  to participate in the  administrative remedy process and stop trying to use what they are remise in as an argument against me.


7. My complaint obviously could have been resolved long ago but for the lack of proper investigation and inaction by the Defendant.  I highly recommend  that  the  trend of down grading my performance without any counseling records to support  those actions ,  be  fully addressed and also carefully reconsidered.

**Richard F. Reznak**

- 2 -

**Richard F. Reznak**
**P.O. Box  55129**
**North Pole**
**Alaska 99705**

2006 MAR 22  AM 9: 13  **March 20 , 2006**

RECEIVED
US ATTORNEY OFFICE

To : **Mr. Daniel R. Cooper**
  **Assistant U.S. Attorney**
  **Federal Building & U.S. Court House**
  **222 West Seventh Avenue # 9 Rm. 253**
  **Anchorage, Alaska 99513 - 7567**

                                        **Case No. F05-0007 CV RRB**

                        **Discovery**

**Dear Mr. Cooper,**
   **In accordance with the rules of Discovery,  please provide answers**
**and produce documents to satisfy the following discovery request .**


**1. I am providing  a graphic chart I prepared  to enable you  to make an**
**accurate comparison of my Direct Operating  Results in  relation to my**
**Performance Evaluation Reports.  It was stated in the  Advance Notice**
**Letter of Demotion due to Reduction - In - Force,  paragraph 3, that  my**
**position would  be abolished  based  on high  personnel  cost.  I  would**
**like an explanation  from AAFES why my record  high Direct  Operating**
**Profit directly conflicts with what was alleged .The  statement really is**
**a gross misrepresentation  of fact .  Personnel  costs  and  productivity**
**was excellent at both my Fort Walnwright and Eielson Service Stations**
**which was one of my strong  attributes.  One can easily verify my point**
**by looking at my evaluations.  Please  See graph attached at Exhibit 1 .**


  **2. I have  reviewed the 1,600 pages plus of my career history that was**
**provided to both of us by AAFES . The records affirm that I participated**
**in Federally protected programs which include both the EEO complaint**
**program and the PER Evaluation Rebuttal process.  I find without  any**
**exception , that every  administrative action  taken  against  me during**
**the  period preceding  my compliant, was based  on Reprisal.   I would**
**like AAFES to produce a copy of  my official employee  counseling card**
**records which were omitted from the Discovery package.**

                        **- 1 -**

EXHIBIT 2

3. I would like to know why AAFES denied my request to return back to the Continental United States upon my retirement ? I transferred to Alaska on a PCS Transportation Agreement. I fulfilled my obligation. I was abandoned by AAFES in a land far from my official home of record which is Magnolia, Delaware. After 25 years of loyal service should I not be entitled reimbursement for the expense and losses I incurred resulting from this administrative error ? I have recently sold my home and most material assets to enable me to pay bills and move back to my home from Alaska.

4. I have provided this additional Discovery request because it adds relevance and meaning to our quest for justice. I will proof read my my Deposition taken on February 16, 2006 on March 21, 2006 by the Liz D' Amour & Associates, Inc. I have been advised it is about 190 pages long so it may take a day or two. If you have questions on any of the content in this letter please contact me as soon as possible. I will be flying out of state on private business April 6, 2006 through May 1, 2006 and will be unavailable during that period. Please incorporate these dates into our schedule so there is no confusion.


Sincerely ,

Richard F . Reznak



# Sales to Evaluation Comparison
## 1995 - 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD F. REZNAK, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | §  CIVIL ACTION NO. |
| | §  4:05-cv-0007-RRB |
| DONALD H. RUMSFELD, SECRETARY | § |
| OF DEFENSE IN HIS CAPACITY | § |
| AS HEAD OF THE ARMY AND | § |
| AIR FORCE EXCHANGE SERVICE | § |
| | § |
| Defendant. | § |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
REQUEST FOR DISCOVERY AND PRODUCTION OF DOCUMENTS

Defendant Donald H. Rumsfeld, Secretary of the United States Department of Defense, by Daniel

R. Cooper, Jr., Assistant U.S. Attorney for the District of Alaska, hereby responds to Plaintiff's

Request for Discovery and Production of Documents as follows:

**REQUEST FOR PRODUCTION NO. 1:**

Explain why the following retail positions were not applied to the RIF Roster:

| | |
|---|---|
| Main Store Manager Fort Wainwright | Grade 4/2 |
| Main Store Manager Eielson A.F.B. | Grade 4/2 |
| Sales & Merchandise Manger Eielson A.F.B. | Grade 4/1 |
| Sales & Merchandise Manager Fort Wainwright | Grade 4/1 |
| Operations Manager Fort Wainwright | Grade 4/1 |
| Operations Manager Eielson A.F.B. | Grade 4/1 |

**ANSWER**:  The controlling regulation at the time was AR 60-21/AFJMAN 34-218.  Section 4-
15(a) of that regulation states in relevant part: "When employees are affected by a RIF, rosters
will be prepared of all current employees within the same RIF element in the job titles identified
as being affected..."  Your job title at the time was Store Manager (BR/Gas).  Therefore, the
positions you identified were not part of the RIF element.

**PAGE 1**

EXHIBIT 3

**REQUEST FOR PRODUCTION NO. 2:**

Explain why Mrs. Esposito / House the AAFES Human Resource Manager for Alaska stated that a RIF roster was accomplished in accordance with AAFES regulations.

**ANSWER:** Defendant cannot answer this request because it does not sufficiently identify the time and location of the alleged statement. Defendant avers that Ms. Esposito did not complete a RIF Roster.

**REQUEST FOR PRODUCTION NO. 3:**

Was the assertion by Mrs. Esposito / House on the Advance notice of Demotion due to Reduction in Force letter that a RIF Roster was in fact prepared, reviewed and approved by a higher authority? If not, how did this critical personnel action go unchecked?

**ANSWER:** The RIF was properly reviewed by the appropriate authority. Since there was only one name involved, there was no ranking and therefore, no reason to prepare a RIF Roster.

**REQUEST FOR PRODUCTION NO. 4:**

The 4 /2 position at Eielson A.F.B. was occupied by a female employee with half my retail experience and years of employment. The employee mentioned in this position rapidly advanced and was promoted up through the ranks by Mrs. Esposito / House and Mrs. Burmingham the Area Manager. If a RIF Roster was accomplished based on retention scores and seniority would I have logically been offered that position instead of a demotion or a RIF retirement? I request the RIF scenario be completely and correctly reconstructed as a direct means of comparison.

**ANSWER:** This request calls for a conclusion based on facts outside those alleged in the complaint and outside the scope of this lawsuit. No RIF roster was prepared, and therefore any answer would be speculative. Therefore, the defendant declines to answer.

**REQUEST FOR PRODUCTION NO. 5:**

All regulations considered, would it be fair to access that Mrs. Esposito /House's choice not to produce a RIF roster be considered discrimination against myself and other employees?

**ANSWER:** Defendant asserts that Ms. Esposito did not commit discrimination.

**REQUEST FOR PRODUCTION NO. 6:**

With regard to a statute of limitations, for each day that goes by where my pay and retirement status is incorrect, a new action arises and continues to extend itself. AAFES has failed to address a serious matter and elevate it to the proper authorities without delay. AAFES simply

PAGE 2

needs to participate in the administrative remedy process and stop trying to use what they are remise in as an argument against me.

**ANSWER:** Defendant objects to this request because it states a legal conclusion and does not identify any documents.

## REQUEST FOR PRODUCTION NO. 7:

My complaint obviously could have been resolved long ago but for the lack of proper investigation and inaction by the Defendant. I highly recommend that the trend of down grading my performance without any counseling records to support those actions, be fully addressed and also carefully reconsidered.

**ANSWER:** Defendant objects to this request because it states a legal conclusion and does not identify any documents.

DEBORAH M. SMITH
Acting U. S. Attorney

By: 

Daniel R. Cooper, Jr.
Assistant United States Attorney

Of Counsel:

WILLIAM F. SAYEGH
Associate General Counsel
ARMY AND AIR FORCE EXCHANGE SERVICE
3911 S. Walton Walker
Dallas, Texas 75236-1598
Telephone: (214) 312-3165
Fax: (214) 312-4141

**PAGE 3**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2006,
a copy of the foregoing Defendant's
Response to Plaintiff's Request for
Discovery and Production of Documents
was served by regular mail on:

Richard F. Reznak
P O Box 55129
North Pole, AK 99705-0129


K Joy McCulloch
_____
Legal Assistant
United States Attorneys' Office

**PAGE 4**

1-12. For nepotism purposes, members of the same family are considered to be father, mother, son, daughter, brother, sister, uncle, aunt, first cousin, nephew, niece, spouse, father-in-law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, sister-in-law, stepfather, step-mother, stepson, stepdaughter, stepbrother, stepsister, half brother and half sister.

## Loyalty and Striking

1-13.  AAFES employees may not participate in any strike against the US government or any government agency.

1-14.  AAFES employees may not be a member of an organization of government employees which assists or participates in a strike against the US government or any government agency, or imposes a duty or obligation to conduct, assist, or participate in a strike, knowing that these organizations engage in that activity or impose that duty or obligation.

## Employment of Military Personnel During Off-Duty Hours

1-15.  Enlisted personnel may be employed during their off-duty hours provided:

    a.    Compensation is at the rate prescribed for civilian employees.

    b.    They are appointed to part-time or intermittent categories of employment and may not work more than 34 hours per week.

1-16.  The employment of active duty officers is prohibited by statutes.

## Safeguarding Information

1-17.  AAFES employees will not disclose or discuss official records and business of AAFES at any time, except as necessary to discharge official duties.

1-18.  It is AAFES policy to prohibit prior distribution of official information not available to the general public to individuals who would gain an advantage not accorded others.  It is not intended that unclassified information which may be released should be withheld from the press or the public.

1-19.  All employees are subject to penal laws, regulations, and Executive Orders relating to safeguarding classified information.

## Administering Oaths

1-20.  The administration of oaths for affidavits, investigations, and other documents or procedures requiring sworn testimony will be accomplished by a notary public or military officer on active duty.

## Falsification of Records

1-21.  Any employee who, for the purpose of concealing or misrepresenting a material fact, willfully or unlawfully alters, falsifies, or destroys, or causes to be altered, falsified, or destroyed official AAFES or other government documents, records, or files, regardless of motive, is subject to separation for cause or other disciplinary action.

1-22.  Any employee who knowingly and willfully prices or sells, or causes to be priced or sold, merchandise or services contrary to the established sales price, regardless of motive, is subject to separation for cause or other disciplinary action.

## Reporting and Furnishing Information

1-23.  It is each employee's duty to report and furnish information, whether favorable or unfavorable, regarding matters of official interest as may be required by competent authority, including supervisors and investigative officials. Refusal to furnish required reports or information, or deliberate concealment or misrepresentation of material facts in a report or statement, will constitute  grounds for separation for cause or other disciplinary action.