DEBORAH M. SMITH
Acting United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
daniel.cooper@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| RICHARD F. REZNAK, | ) | |
| | ) | Case No. 4:05-cv-7-RRB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S REPLY TO** |
| | ) | **REZNAK'S OPPOSITION TO** |
| | ) | **MOTION TO** |
| | ) | **DISMISS, OR IN THE** |
| DONALD H. RUMSFELD, | ) | **ALTERNATIVE, FOR** |
| | ) | **SUMMARY JUDGMENT** |
| Defendant. | ) | |
| | ) | |

Defendant Donald H. Rumsfeld, Secretary of Defense, (hereafter the Army

and Air Force Exchange Service or AAFES) moved this Court to dismiss this

action, or in the alternative, to grant defendant summary judgment pursuant to

Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), or in the alternative, 56(b).[1]

Mr. Reznak opposed this motion.[2] This is the reply of AAFES.

## INTRODUCTION

Secretary Rumsfeld moved this Court to dismiss Mr. Reznak's Title VII claims in accordance with F.R.Civ.P. 12(b)(1) because the plaintiff has not exhausted his administrative remedies, and Mr. Reznak's unspecified State law claims in accordance with F.R.Civ.P. 12(b)(6) because they are barred by sovereign immunity and the relevant statutes of limitation. Alternatively, Secretary Rumsfeld moved to dismiss this complaint pursuant to Rule 56, F.R.Civ.P. because there is no dispute as to any material fact and Secretary Rumsfeld is entitled to judgment as a matter of law.

In the motion, AAFES set forth facts as undisputed that were taken from Mr. Reznak's deposition, the sworn statement of Ms. Drane, pleadings in public records, and responses to discovery requests.[3] In his response, Mr. Reznak does not provide any sworn statements. Mr. Reznak does, however, provide unsupported allegations in the body of his opposition, copies of documents for

---

[1] Docket 17-1.

[2] Docket 19.

[3] Rule 56(a), F.R.Civ.P.

which no foundation is provided, and a chart that has no evidentiary basis. The purpose of the line drawing attached to the chart is unclear.[4]

## ARGUMENT

In the motion at Docket 17-1, AAFES made the following two arguments:

First, that Mr. Reznak did not exhaust his administrative remedies with respect to his allegations under Title VII, and therefore his claim is barred.

Second, that Mr. Reznak failed to bring any claim under "Alaska Common Law" within two years as required by the Federal Tort Claim Act and AS 09.10.070 and therefore his claim is time barred.

Mr. Reznak has failed in his Opposition to establish the existence of any genuine issues of material fact that precludes entry of judgment in favor of Secretary Rumsfeld and AAFES.

1. Mr. Reznak's response to the first argument is that AAFES had several opportunities to resolve Mr. Reznak's complaint, but did not.[5] Mr. Reznak misses the point. It is Mr. Reznak's duty to affirmatively seek relief if he has a

---

[4] Docket 19, p. 19, depicts a man reaching into a box with his hand over another man. It is unclear whether the latter is being placed in the box, or removed from the box. Moreover, it is not clear whether the picture is submitted as evidence or argument.

[5] Opposition to Motion to Dismiss, Docket 19, p. 3.

complaint, and to do so within the statutory framework which includes time frames in which the claim must be made. Mr. Reznak also has the duty to pursue his remedies administratively prior to bringing the lawsuit. As AAFES demonstrated in the Motion to Dismiss, Mr. Reznak is familiar with the process for Title VII complaints because he has pursued them previously.[6] Mr. Reznak has not attempted to explain why he failed to file his claim with EEO first, even though he knew he was required to do so prior to bringing this lawsuit. Indeed, it is evident from Mr. Reznak's deposition testimony that he discussed the issue with his lawyer at the time he first became aware of this claim. Mr. Reznak, on advice of his lawyer, then decided to treat this claim as part of his earlier EEO claim.[7]

Mr. Reznak has cited no authority in opposition to the authorities cited by AAFES that Mr. Reznak was required to bring a timely administrative claim as a condition precedent to filing this lawsuit.[8] In the absence of authority to the contrary, and based on the undisputed facts as presented in his own testimony, Mr. Reznak's complaint must be dismissed as a matter of law for failing to exhaust his administrative remedies.

---

[6] Motion to Dismiss, Docket 17-1, pp. 6 - 9.

[7] Motion to Dismiss, Docket 17-1, p. 6, fn. 23.

[8] Motion to Dismiss, Docket 17-1, pp. 10 - 11.

2.   Mr. Reznak's response to the second argument is " . . . the lawsuit was filed within two years of the last correspondence with the Defendant on the matter which was June 11, 2003."[9]  Once again, Mr. Reznak misapplies the law.  As set forth in the Motion to Dismiss, the statute of limitations begins to run on the day the claimant knew or should have known of his claim (the date the claim accrued), not the day that the parties last corresponded on the claim.[10]  Mr. Reznak does not controvert the factual statement of AAFES that he first knew of the claim in October 2002, nor that he knew that the statute of limitations would expire in October 2004.  Instead, Mr. Reznak asserts a "last correspondence" date of June 2003.  Mr. Reznak fails to support that assertion by affidavit or otherwise.  Moreover, Mr. Reznak fails to present any authority that would toll the statute from the date that he first knew of the claim in October 2002 to the date he asserts in June 2003.  Mr. Reznak also fails to explain why he thought he had more time in which to bring this action in spite of the explicit advice he received from his attorney at the time that he had two years.[11]

---

[9]  Opposition to Motion to Dismiss, Docket 19, p. 3, ¶ 2.

[10]  Motion to Dismiss, Docket 17-1, pp. 15 - 16; 28 U.S.C. § 2401(b).

[11]  Motion to Dismiss, Docket 17-1, pp. 13 - 14.

Under Fed. R. Civ. P. 56, summary judgment should be granted if there is no disputed genuine issue of material fact and if the moving party is entitled to judgment as a matter of law.[12] The moving party has the burden of showing that there is no genuine issue of material fact. Once the moving party has met this burden, the nonmoving party must set forth evidence showing the existence of a genuine issue for trial.[13] When considering a motion for summary judgment, the Court views the evidence presented in the light most favorable to the nonmoving party and determines whether the moving party is entitled to judgment as a matter of law.[14] Here, Mr. Reznak has failed to present any competent evidence contrary to that set forth by AAFES. Therefore, AAFES is entitled to summary judgment if the law supports their argument for judgment.

The FTCA bars claimants from bringing suit in Federal court seeking common law tort damages unless and until the plaintiff has exhausted their administrative remedies. When a plaintiff fails to heed that clear statutory command, dismissal of the lawsuit is the proper remedy.[15]

---

[12] Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[13] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

[14] Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001).

[15] McNeil v. United States, 508 U.S. 106, 113 S.Ct. 1980 (1993).

Here, the law suit was commenced without any claim submitted to any agency. Mr. Reznak was examined directly on that point. Mr. Reznak is clear and unequivocal that he did not file any administrative claim. Moreover, Mr. Reznak is clear that he knew that he had already waited too long to file an EEO claim. Mr. Reznak knew the exact period of time he had within which to bring his claim, and he failed to do so.

This tort claim was not submitted to the "appropriate Federal agency" prior to the filing of the lawsuit, nor was the tort claim denied by the agency as required by 8 U.S.C. § 2675(a). Moreover, the lawsuit was filed more than two years after the date when Mr. Reznak first discovered that he was receiving less than he thought he was promised, and more than two years after he learned there was no RIF roster. His claim is barred by both the Federal and State statutes' of limitation. On the undisputed facts, AAFES is entitled to judgment as a matter of law.

CONCLUSION

Mr. Reznak has made arguments, which, as demonstrated above, are not persuasive. Moreover, he has failed to adduce any sworn statements, depositions or other documentary evidence or proof in support of his arguments. Having failed in his arguments, and having further failed to present any evidence in support of his arguments, Secretary Rumsfeld's Motion to Dismiss or in the Alternative for

Summary Judgment should be granted.

Respectfully submitted, on the 22nd day of May, 2006.

DEBORAH M. SMITH
Acting United States Attorney

s/ Daniel R. Cooper, Jr.
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3376
E-mail: Daniel.Cooper@usdoj.gov
AK #8211109

**CERTIFICATE OF SERVICE**
I hereby certify that on May 22, 2006,
a copy of the foregoing Defendant's Reply to
Reznak's Opposition to Defendant's Motion
to Dismiss, or in the Alternative, for
Summary Judgment was served on

Richard F. Reznak
P O Box 55129
North Pole, AK 99705-0129

by regular U. S. mail.

s/ Daniel R. Cooper, Jr.