Richard F. Reznak
P.O. Box 55129
North Pole, Alaska
Zip 99705

June 10, 2006

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2006 JUL 12 PM 1:06

Case No. F05-0007 CV RB

Reply to Defendants Reply to Plaintiff's Opposition to Motion To Dismiss, or in Alternative, for Summary Judgement. Granted by the court July 3, 2006 received by the Plaintiff July, 7, 2006.

Donald H. Rumsfeld, Secretary of Defense, in capacity as Head of The Army and Air Force Exchange Service.

## Introduction

This letter is in response to the Defendants reply letter written on the Plaintiff's Opposition to Motion to Dismiss, or in Alternative for Summary Judgement dated May 22, 2006. The Plaintiff respectfully has permission of the court to submit the following reply:

## Arguments

1. The Defendant is mis stating fact and manufacturing a scenario they want the U.S. Attorney to sell and the court to believe. If we put events into the proper context, the Plaintiff always initiated contact with the Defendant seeking an administrative remedy to an error in his retirement plan. It was the Defendant who failed to carry out their employer obligations and arrive at an administrative solution. Through their own misgivings and inactions, The Army and Air Force Exchange Service willfully violated Department of Defense policy, the due process of law and thus created a lawsuit.

- 1 -

2. The Defendant mentions in their reply that the Plaintiff did not provide any sworn statements In the Discovery process. The fact is that the U.S. Attorney promised the Plaintiff that he would take the depositions from the Plaintiff's key witnesses and failed to do so. The U.S. Attorney was provided e-mail addresses and phone numbers of both witnesses by the Plaintiff during the Discovery process.

3. The Defendant made erroneous statements with regard to the EEO complaint system. The Plaintiff could not use the EEO system because the error in his unlawful termination was not discovered until over a year after it had occurred. The Defendant claims the Plaintiff did not follow procedure which is incorrect. The Plaintiff suggests that the Defendant simply take a closer look at the documents and affidavits that are already in their possession located at Exhibit 9 of the Plaintiff's deposition.

4. The Defendant did not comply with Discovery requests made in good faith by the Plaintiff. Discovery Rule 37 para 3 violated which does not allow evasive incomplete disclosure. The Defendants arguments and conclusions are unequivocally not supported by fact.

5. The Defendant has alleged that this case is about a Tort Claim which it is not. This lawsuit is wholly about untruth's an broken promises. The Plaintiff 's relationship with AAFES was contractual and all the Plaintiff wants is what he was promised by his employer and the regulations governing his 25 years of dedicated service.

6. The Plaintiff challenges the Defendants statement that the Statute of Limitations had expired. The Defendant did not disclose which regulation they were referring to. The Plaintiff would like to reference Title 28 2401, Selected Provisions. The Federal regulation allows a claim to be filed six years after the point of accrues. Notwithstanding, the Plaintiff filed his complaint with in 2 years of the point of accrues. The Defendant should reference Exhibit 9 of the Plaintiff's deposition.

### Conclusion

The Plaintiff respectfully appreciates the court allowing a reply to the Defendants reply letter. The Defendant has demonstrated a continued resistance to resolve issues of non compliance with regulations and documented activities. The Plaintiff was unlawfully retired and the Defendant has an ethical obligation to fix the problem and insure other employees do not encounter the same hardships. Moreover, the U.S. Attorney promised then failed to deliver sworn depositions from witnesses the Plaintiff had provided. Not taking the witness depositions gave the U.S. Attorney a short sited narrow view of what actually transpired which is how the Defendant wanted to pursue the case. The Plaintiff submits the Defendants Motion to Dismiss or in the Alternative for Summary Judgement be denied.

Sincerely,

Richard F. Reznak
Plaintiff, Pro Se

## RICHARD REZNAK

**From:** "RICHARD REZNAK" <thatdamndog@mosquitonet.com>
**To:** "Netter-Tho Seeth, Birgit" <Netter@aafes.com>
**Cc:** "RICHARD REZNAK" <thatdamndog@mosquitonet.com>
**Sent:** Monday, October 07, 2002 9:07 PM
**Subject:** Re:

Birgit.....does that mean a RIF Roster was
not accomplished as implied on my letter ?
Please explain.---- Original Message -----
From: "Netter-Tho Seeth, Birgit" < , >
To: "'RICHARD REZNAK'" < >
Cc: "Netter-Tho Seeth, Birgit" < - >
Sent: Tuesday, October 01, 2002 10:21 AM
Subject: RE:


> Mr. Reznak:
>
> There are no documents responsive to the request.
>
> Birgit G. Netter
> Human Resources Manager
> AAFES Alaska Consolidated Exchange
>
>
>
> -----Original Message-----
> From: RICHARD REZNAK [mailto:thatdamndog@mosquitonet.com]
> Sent: Monday, September 30, 2002 11:15 AM
> To: Netter-Tho Seeth, Birgit
> Cc: RICHARD REZNAK
> Subject: Fw:
>
>
> Birgit.....what's up with my request ?  Rick----- Original Message -----
> From: RICHARD REZNAK < >
> To: < >
> Cc: RICHARD REZNAK < > ;
> < >
> Sent: Monday, September 09, 2002 11:21 AM
>
> Subject : Request for documention under The Freedom of Information Act (
Re:
> Reduction in Force RIF Roster Richard
> F. Reznak April 13, 2001 )
>
> TO: Mrs. Netter Personnel Manager Alaska Area Exchange
>
> I am writing to obtain a copy of the RIF Roster referenced in the Advance

EXHIBIT 8

**U.S. Department of Justice**

United States Attorney
District of Alaska

Federal Building & U.S. Courthouse
101 12th Avenue, Box 2, Room 310
Fairbanks, Alaska 99707

Commercial: (907) 456-0245
Fax Number: (907) 456-0577

June 11, 2003

Richard W. Wright
Attorney at Law
250 Cushman Street, Suite 500
Fairbanks, Alaska 99701

Rec'd 6-12-03 mail

RE:  Richard F. Reznak v. William Cohen, Secretary of Defense,
     F00-0041 CV (HRH)

Dear Mr. Wright:

Regarding your letter of April 8, please consider the following:

1. At the time your client was retired through a Reduction in Force (RIF), there was no RIF roster because if there had been one, he would have been the only one on it. That would make no sense and would not have afforded him any opportunity for the scoring process you describe to determine which of several employees should go. Further, your client agreed to this RIF, which tends to overcome his claim of being victimized. Moreover, by his own choice, he was non-mobile, which prevented any continuation of employment by means of a transfer, and left retirement the only option.

2. Mrs. Esposito does not make the rules which govern the retirement trust, nor can she create the terms of anyone's retirement, as all such terms are predetermined by the terms of the trust. She did not make the impossible offer now claimed, nor could it possibly be honored by AAFES if she had. Contrary to your suggestion, AAFES is not liable to carry out any such allegedly offered terms.

3. Your allegations against Mrs. Lois Esposito are changing, and do not resemble the theory on which this case has proceeded in the past. The

only target of your allegation of reprisal was the person who rated plaintiff in 1997 and 1998. Now, you offer Mrs. Esposito as the one who engaged in reprisal and orchestrated plaintiff's termination. Besides being a new theory, to accuse her of "fraudulent" dealings makes no sense. She had no reason or incentive to try to "defraud" your client of anything, and certainly she had nothing to gain by trying to mislead him in the manner suggested.

4. Your questions about the RIF roster have been answered above. Your client agreed to the RIF, and received a highly beneficial retirement: a pension which is a substantial percentage of his active duty pay, starting immediately, in his mid-40's, plus severance pay and paid medical for life. The suggestion that he was misled and treated wrongly in this regard is not borne out by the factual record, and not supported by logic or reason.

Our position remains as stated by letter of January 16, 2003.

Yours truly,

TIMOTHY M. BURGESS
United States Attorney

STEPHEN COOPER
Assistant United States Attorney

SC

**Rule 37**

# Failure to Make Disclosure or Cooperate in Discovery; Sanctions

**(a) Motion for Order Compelling Disclosure or Discovery.** A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:

**(1) Appropriate Court.** An application for an order to a party shall be made to the court in which the action is pending. An application for an order to a person who is not a party shall be made to the court in the district where the discovery is being, or is to be, taken.

**(2) Motion.**

**(A)** If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

**(B)** If deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in

**Rule 37**                                                                 FEDERAL RULES

good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

**(3) Evasive or Incomplete Disclosure, Answer, or Response.** For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.

**(4) Expenses and Sanctions.**

**(A)** If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

**(B)** If the motion is denied, the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

(b) In any action required to be heard and determined by a district court of three judges under subsection (a) of this section, the composition and procedure of the court shall be as follows:

(1) Upon the filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. The judges so designated, and the judge to whom the request was presented, shall serve as members of the court to hear and determine the action or proceeding.

(2) If the action is against a State, or officer or agency thereof, at least five days' notice of hearing of the action shall be given by registered or certified mail to the Governor and attorney general of the State.

(3) A single judge may conduct all proceedings except the trial, and enter all orders permitted by the rules of civil procedure except as provided in this subsection. He may grant a temporary restraining order on a specific finding, based on evidence submitted, that specified irreparable damage will result if the order is not granted, which order, unless previously revoked by the district judge, shall remain in force only until the hearing and determination by the district court of three judges of an application for a preliminary injunction. A single judge shall not appoint a master, or order a reference, or hear and determine any application for a preliminary or permanent injunction or motion to vacate such an injunction, or enter judgment on the merits. Any action of a single judge may be reviewed by the full court at any time before final judgment.

(As amended June 11, 1960, Pub.L. 86–507, § 1(19), 74 Stat. 201; Aug. 12, 1976, Pub.L. 94–381, § 3, 90 Stat. 1119; Nov. 8, 1984, Pub.L. 98–620, Title IV, § 402(29)(E), 98 Stat. 3359.)

### § 2361. Process and procedure

In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.

Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

(As amended May 24, 1949, c. 139, § 117, 63 Stat. 105.)

### § 2401. Time for commencing action against United States

(a) Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless

Case 4:05-cv-00007-RRB    Document 30    Filed 07/12/2006    Page 10 of 10

the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

**(b)** A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

(As amended Apr. 25, 1949, c. 92, § 1, 63 Stat. 62; Sept. 8, 1959, Pub.L. 86–238, § 1(3), 73 Stat. 472; July 18, 1966, Pub.L. 89–506, § 7, 80 Stat. 307; Nov. 1, 1978, Pub.L. 95–563, § 14(b), 92 Stat. 2389.)

### § 2402. Jury trial in actions against United States

Subject to chapter 179 of this title, any action against the United States under section 1346 shall be tried by the court without a jury, except that any action against the United States under section 1346(a)(1) shall, at the request of either party to such action, be tried by the court with a jury.

(As amended July 30, 1954, c. 648, § 2(a), 68 Stat. 589; Oct. 26, 1996, Pub.L. 104–331, § 3(b)(3), 110 Stat. 4069.)

### § 2403. Intervention by United States or a State; constitutional question

**(a)** In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The United States shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

**(b)** In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

(As amended Aug. 12, 1976, Pub.L. 94–381, § 5, 90 Stat. 1120.)

### § 2404. Death of defendant in damage action

A civil action for damages commenced by or on behalf of the United States or in which it is interested shall not abate on the death of a