IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD F. REZNAK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DONALD H. RUMSFELD,<br><br>　　　　Defendant. | Case No. 4:05-cv-0007-RRB<br><br><br>**ORDER GRANTING MOTION**<br>**TO DISMISS OR FOR**<br>**SUMMARY JUDGMENT** |

## I.　INTRODUCTION

　　　　Before the Court is Defendant Donald H. Rumsfeld, Secretary of Defense, with a Motion to Dismiss, or in the Alternative, for Summary Judgment (Docket No. 17).  Defendant argues dismissal or summary judgment is appropriate because Plaintiff Richard F. Reznak, Pro Se,: (1) did not exhaust his administrative remedies with respect to his allegations under Title VII[1]; and/or (2) failed to bring any claim under "Alaska Common

---

　　[1]　Clerk's Docket No. 21 at 3.

Law" within two years as required by the Federal Tort Claim Act and Alaska Stat. § 09.10.070.[2]

## II.  DISCUSSION

The undisputed facts reveal Plaintiff filed the present action more than two years after he discovered that he was receiving less retirement pay than he thought he was either entitled to and/or promised.[3]  Consequently, his claim is time barred.[4]  However, even if the six-year statute of limitation found in 28 U.S.C. § 2401[5] were applicable, as argued by Plaintiff,[6] his Complaint (Docket No. 1) must still be dismissed, as a matter of law, because he failed to exhaust his administrative remedies.

Finally, the Court notes that even if it were to reach the merits of this case, Plaintiff's arguments are significantly

---

[2]    Id.

[3]    Plaintiff argues that he was deliberately misled by his supervisor regarding his retirement benefits, which sounds more in tort than in contract.

[4]    "The general statute of limitations in Alaska for bringing a tort claim is two years."  Clerk's Docket No. 17 at 7 & n.26 (citing Alaska Stat. § 09.10.070(a)).  "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."  28 U.S.C. § 2401(b).

[5]    8 U.S.C. § 2401(a) provides in relevant part, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of first action accrues."

[6]    See Clerk's Docket No. 30 at 3.

flawed. For example, even if Ms. Esposito misrepresented the amount of money Plaintiff would receive upon retirement, which ruling the Court does not make herein, she cannot bind the Government. Moreover, it does not appear as though Defendant was "penalized" per se. On the contrary, it appears as though Plaintiff received the relevant and applicable retirement pay, given his age and actual years of service, following his decision, which was made with the assistance of counsel, to take a Reduction in Force (RIF) and early retirement.[7]

## III. CONCLUSION

As a result, Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (Docket No. 21) is hereby **GRANTED** and this matter is **DISMISSED** with prejudice.

Inasmuch as Plaintiff appears to have proceeded in good faith in this matter, out of a legitimate belief that he was mistreated and/or misled, the individual parties are further directed that they shall each bear their own costs and fees.

ENTERED this 18th day of July, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[7]    See Clerk's Docket No. 17, Ex. D.

ORDER GRANTING MOTION TO DISMISS OR
 FOR SUMMARY JUDGMENT - 3
4:05-CV-0007-RRB