FILED
JUL 27 2006
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

In The United States District Court
For The District of Alaska

July 27, 2006

Richard F. Reznak

       Plaintiff,

                           Case no. 4 : 05 - CV- 0007- RRB

vs.

Donald H. Rumsfeld        Motion for Reconsideration of
                                      Order Granting Motion to Dismiss
       Defendant.             Or For Summary Judgement.
                                      Received by mail July 23, 2006.

I. Introduction

    The Plaintiff requests that this case be given reconsideration based on conflicting evidence and arguments that were presented by the U.S. Attorney in Oral Argument. This case is about a Breach of a Contract the Plaintiff was offered by the Defendant. The Alaska court system has jurisdiction over this matter and is able to enforce regulations that The Army and Air Force Exchange Service are mandated to follow. Especially those that govern the mis treatment of Alaska citizens in the Alaska workplace.

II. Discussion

    The Plaintiff wishes to present issues in the easiest possible format in a constructive manner. The primary focus is on the RIF Reduction in Force contract executed by the Defendant with the Plaintiff. The Plaintiff was offered a Reduction in Force retirement in lieu of being demoted. This document was presented in the form of a legal contractual agreement. Please see Exhibit 1.

- 1 -

1. The Reduction in Force letter in Paragraph 4 clearly states " You were identified for this proposed action on the basis of your retention score on a reduction in force roster which was prepared and executed in accordance with the above regulations ." This action never occurred so it is undisputed fact that the Plaintiff was singled out and that Defendant is in default and breach of a material contract.

2. The Reduction in Force letter Paragraph 5 reads specifically "This action is not subject to Appeal. " This statement in itself contradicts the many assertions made in the Defendants uncertified argument that the Plaintiff failed to exhaust his administrative remedies. The RIF letter states that the Plaintiff had no right to administrative remedies through appeal .

3. The Defendant is misleading the court on a very key issue. This case is about unlawful retirement practices. Without the execution of a RIF Roster the contract the Defendant offered the Plaintiff has no premise. Likewise , the Defendant s claim to statues of limitations and exhausting administrative remedies is without merit.

4. Incidental to the Plaintiff's acceptance of the RIF retirement the Defendant verbally offered the Plaintiff a penalty free retirement which was an administrative error nevertheless , it falsely allured the Plaintiff to accept the contract. In Paragraph 8 of the Reduction in Force letter the Plaintiff was allowed 30 days to respond as an administrative remedy . The Plaintiff did by accepting the contract. This was the only administrative remedy offered to the Plaintiff by the Defendant . The Defendants claim that the Plaintiff did not exhaust administrative remedies is untrue.

**III Conclusion**

The Plaintiff respectfully request the arguments and suggestions offered in this motion be given fair consideration. The Plaintiff has been the recipient of some very unjust treatment. The Plaintiff truly appreciates the patience of the U.S. Attorney and the Alaska Court System for allowing him to proceed thus far.

*[signature]*

Richard F. Reznak
Plaintiff Pro - se



Ft. Wainwright Exchange
P.O. Box 35029
Ft. Wainwright, AK 99703

FEW-GM                                                                13 April 2001

SUBJECT: Advance Notice of Demotion due to Reduction-in-Force

Mr. Richard Reznak
Store Manager (BR/GAS)
Fort Wainwright Service Station
Fort Wainwright, AK

1. References:

   a. Chapters 3, 6 and 12, EOP 15-10, Managing Human Resources
   b. OMFC 9181-005, dated 6 April 2001.

2. This is to notify you that due to a reduction-in-force (RIF, I propose to downgrade you from the position of Store Manager (BR/Gas), PB4/2, $26.50, RFT, 9181-1303, Ft., Wainwright Exchange, to the position of Store Manager (BR/GAS), PB3/2 $26.50, RFT, 9181-1303, Fort Wainwright Exchange, to be effective no earlier than 30 calendar days from your receipt of this advance notice.

3. The basis for this demotion is the abolishment of your position due to high personnel costs at the Fort Wainwright Service Station and the need to reduce positions no longer needed. Since there are no vacant positions or positions filled by probationary associates at your current grade of PB4/2 for which you are qualified, the only option is to propose this non-disciplinary action.

4. You were identified for this proposed action on the basis of your retention score on a reduction-in-force roster, which was prepared and executed in accordance with the above references.

5. Based on your age and years of service, you are eligible for an Involuntary Early Retirement and may choose this option in lieu of downgrade.   Attached is a retirement annuity estimate. Should you choose to retire, submit your request within the reply period prescribed in paragraph 8 below. This action is voluntary and not subject to appeal.

6. You have been in a position for at least one continuous year where the grade or rate of pay is higher than the highest level of the position to which you are being downgraded. Therefore, you are eligible for salary retention, not to exceed two years and not to exceed 150% of the maximum scheduled rate of pay authorized for the position you are being downgraded to. You are entitled to 100% of any pay adjustments resulting from revised salary or wage schedules for the new position that occur after the downgrade.

7. You may reply to this advance notice either orally and/or in writing and may submit affidavits or other documents in support of your reply. You have the right to representation, at your expense, to prepare and/or present your reply. Your oral response, should you choose to make one, will be summarized in a memorandum which you and I will both sign.

EXHIBIT 1

8. Your reply must be filed within 15 calendar days of your receipt of this notice of proposed action. If your written reply is mailed, it must be postmarked within the authorized 15-calendar day period. Upon your request and for good cause shown, I may extend the reply period up to additional 15 calendar days, not to exceed a total period of 30 calendar days from the date you receive this advance notice. Any reply received within the authorized reply period will be given full consideration before a final decision is made. I will make a written, final decision within 15 calendar days of my receipt of your reply; or if no reply is received within the authorized reply period, my written final decision will be made within 15 calendar days following expiration of the authorized reply period.

9. Request you acknowledge receipt of this letter by signing and dating in the space provided on the attached copy and returning it to this office.

*TERESA GENTRY*
General Manager
Fort Wainwright Exchange

I acknowledge receipt

_____    APRIL 16, 2001
Signature                          Date