```
                                            FILED
                                      US DISTRICT COURT
                                      DISTRICT OF ALASKA

                                      2006 AUG 14 PM 1:46
```

In The United States District Court
For The District of Alaska

August 11, 2006

Richard F. Reznak

        Plaintiff,               Case no. 4 : 05 - CV-0007 RRB

vs.

Donald H. Rumsfeld           Supplement of Additional
                                          Facts on Plaintiff's Motion
        Defendant,              For Reconsideration Order
                                          Granting Motion to Dismiss
                                          Or For Summary Judgement.

## I. Introduction

After reviewing all documents related to the Plaintiff's case there are many topic's outstanding that require an extra measure of the courts consideration and attention prior to rendering judgment. The Plaintiff is not satisfied with several issues because they are inaccurately portrayed in the Defendant's testimony to the Court.

## II. Discussion

The Plaintiff has already established several serious problems that are unresolved in the unlawful and disgraceful administration of his retirement. The following items are presented for discussion and review plainly because the Court and especially the Plaintiff deserve answers and honest explanations from the Defendant. There are entirely too many inconsistencies that must be clarified and can not be overlooked.

1. The Plaintiff was illegally terminated from employment and retired by the Defendant by means of a RIF Roster which was never lawfully executed as mandated by regulation. This is an undisputed fact.

2. The Plaintiff could have retired with 25 years of service at any age using the Voluntary Retirement Plan which was already available to the Plaintiff almost one year prior to the RIF action. The Voluntary Plan was not taken by the Plaintiff because there was an age penalty. The plan offered the same benefits the Plaintiff is now receiving under the RIF retirement.

3. Considering the RIF, it would have made absolutely no sense for the Plaintiff to accept the offer unless there was an incentive to do so. The Defendants position is not supported by common sense or the necessary RIF documentation. The Defendant can not deny that the actions taken against the Plaintiff were administratively improper.

4. The main reason the Plaintiff accepted the RIF was because the Involuntary Early Retirement For Non- EMP Employees Retirement Calculation provided by the Defendant was a penalty free offer. This information was provided when the Plaintiff received his Advance Notice of Demotion due to a Reduction in Force. The action was an Involuntary Early Retirement. Exhibit 1.

5. The second reason the Plaintiff accepted the RIF retirement was because the Defendant stated they had calculated low retention scores justifying the action which signified the Plaintiff's career was over. It is fact that the Defendant did not accomplish the required RIF roster and served a falsified the RIF letter. Without the application and adherence with RIF procedure the contract the Defendant made with the Plaintiff is in Breach and unjust.

- 2 -

6. The Plaintiff retired in May 2001. Since April 2002 the Plaintiff has attempted to resolve a legitimate complaint. To date The Plaintiff is unable to fully retire because the Defendant has been stalling and refuses to resolve and own up to their administrative errors and responsibility to apply regulations in EOP 15-10. Technically, this manual requires the Defendant to reinstate the Plaintiff with back pay, benefits and allowances in accordance with administrative procedure. Please see Exhibit 2.

7. Since retirement the Plaintiff has been forced to sell his home and many other assets to maintain and adjust his standard of living. This is a direct result of a Breach of Contract by the Defendant. The Plaintiff's lawsuit has nothing to do with a Tort Claim which the Defendant has alleged and suggested.

8. The inequities identified by the Plaintiff throughout discovery and other processes proves the Defendant is reluctant to take responsibility for their wrongful actions. Instead, the Defendant resorted to giving false testimony documented as new evidence and incidents of fraud.

9. The Plaintiff is concerned with distorted legal argument that the Defendant has used to taint the Plaintiff's character. Hopefully there is zero tolerance permissible in the Federal Court System disallowing another Federal Agency to use the bogus arguments prevalent in the Defendants haphazard defense, to gain favor.

10. The United States District Court of Alaska is chartered with the inalienable task to overrule, protect and insure the Plaintiff and other Alaskan citizens are treated fairly within the due process of law in official business transactions. The Plaintiff's only prayer is that the court views issues with transparency and can recognize the path to justice.

## III. Conclusion

The Plaintiff requests the Federal Court system take affirmative measures that require the Defendant to reexamine their position and enforce Department of Defense regulations, procedure and policy. The Plaintiff is seeking fair treatment within the regulations governing his employment after serving the Federal Government and United States Military members for over 25 years. The Plaintiff has pursued his complaint earnestly and overwhelmingly fulfilled his burden of proof. The Plaintiff respectfully requests that the court make their decision in favor of the Plaintiff either for a trial by jury, or by a means of a cooperative Summary Judgement Settlement.

Richard F. Reznak
Pro-se, Plaintiff