FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2006 AUG 16 PM 3: 07

In The United States District Court
For The District of Alaska

August 14, 2006

Richard F. Reznak

       Plaintiff,                Case no. 4 : 05 - CV-0007 RRB

vs.

Donald H. Rumsfeld         Amended Supplement of
Additional                         Facts on Plaintiff's Motion
      Defendant,               For Reconsideration Order
                                     Granting Motion to Dismiss
                                     Or For Summary Judgement.

I. Introduction

After reviewing all documents related to the Plaintiff's case there are many topic's outstanding that require an extra measure of the courts consideration and attention prior to rendering judgment. The Plaintiff is not satisfied with several keys issues because they are inaccurately portrayed in the Defendant's testimony to the Court.

II. Discussion

The Plaintiff has already established several serious problems that are unresolved in the unlawful and disgraceful administration of his retirement. The following items are presented for discussion and review plainly because the Court and especially the Plaintiff deserve answers and honest explanations from the Defendant. There are entirely too many inconsistencies that must be clarified and can not be excused.

1. The Plaintiff was illegally terminated from employment and retired by the Defendant by means of a RIF Roster which was never lawfully executed as mandated by regulation. This is an undisputed fact.

2. The Plaintiff could have retired with 25 years of service at any age using the Voluntary Retirement Plan which was already available to the Plaintiff almost one year prior to the RIF action. The Voluntary Plan was not taken by the Plaintiff because there was an age penalty. The plan offered the same benefits the Plaintiff is now receiving under the RIF retirement.

3. Considering the RIF, it would have made absolutely no sense for the Plaintiff to accept the offer unless there was an incentive to do so. The Defendants position is not supported by common sense or the necessary RIF documentation. The Defendant can not deny that the actions taken against the Plaintiff were administratively improper.

4. The main reason the Plaintiff accepted the RIF was because the Involuntary Early Retirement For Non-EMP Employees Retirement Calculation provided by the Defendant was a penalty free offer. This information was provided when the Plaintiff received his Advance Notice of Demotion due to a Reduction in Force. The action was an Involuntary Early Retirement. Exhibit 1.

5. The second reason the Plaintiff accepted the RIF retirement was because the Defendant stated they had calculated low retention scores justifying the action which signified the Plaintiff's career was over. It is fact that the Defendant did not accomplish the required RIF roster and served a falsified RIF letter. Without the application and adherence with RIF procedure the contract the Defendant made with the Plaintiff is in Breach and unjust.

6. The Plaintiff retired in May 2001. Since April 2002 the Plaintiff has attempted to resolve a legitimate complaint. To date The Plaintiff is unable to fully retire because the Defendant has been stalling and refuses to resolve and own up to their administrative errors and responsibilities. Technically, as outlined in EOP 15-10 the Defendant is required to reinstate the Plaintiff with back pay, benefits and allowances in accordance with administrative procedure. Please see Exhibit 2.

7. Since retirement the Plaintiff has been forced to sell his home and many other assets to maintain and adjust his standard of living. This is direct result of the Breach of Contract by the Defendant. The Plaintiff's lawsuit has nothing to do with a Tort Claim which the Defendant has alleged and suggested.

8. The inequities identified by the Plaintiff throughout discovery and other processes proves the Defendant is reluctant to take responsibility for their wrongful actions. The Defendant resorted to giving false testimony in documented motions which in itself, is evidence of continued fraud and misconduct.

9. The Plaintiff is concerned with distorted legal argument that the Defendant has used to taint the Plaintiff's character. Hopefully there is zero tolerance permissible in the Federal Court System disallowing another Federal Agency to use the bogus arguments that are so prevalent in the Defendants haphazard defense.

10. The United States District Court of Alaska is chartered with the inalienable task to overrule, protect and insure the Plaintiff and other Alaskan citizens are treated fairly within the due process of law in official business transactions. The Plaintiff's only prayer is that the court views issues with transparency and can recognize the path to justice.

### III. Conclusion

The Plaintiff requests the Federal Court system take affirmative measures that require the Defendant to reexamine their position and enforce Department of Defense regulations, procedure and policy. The Plaintiff is seeking fair treatment within the regulations governing his employment after serving the Federal Government and United States Military members for over 25 years. The Plaintiff has pursued his complaint earnestly and overwhelmingly fulfilled his burden of proof. The Plaintiff respectfully requests that the court make their decision in favor of the Plaintiff either for a trial by jury, or by a means of a cooperative Summary Judgement Settlement.

*[signature]*

Richard F. Reznak
Pro-se, Plaintiff



Ft. Wainwright Exchange
P.O. Box 35029
Ft. Wainwright, AK 99703

FEW-GM                                                                13 April 2001

SUBJECT: Advance Notice of Demotion due to Reduction-in-Force


Mr. Richard Reznak
Store Manager (BR/GAS)
Fort Wainwright Service Station
Fort Wainwright, AK


1. References:

   a. Chapters 3, 6 and 12, EOP 15-10, Managing Human Resources
   b. OMFC 9181-005, dated 6 April 2001.

2. This is to notify you that due to a reduction-in-force (RIF, I propose to downgrade you from the position of Store Manager (BR/Gas), PB4/2, $26.50, RFT, 9181-1303, Ft., Wainwright Exchange, to the position of Store Manager (BR/GAS), PB3/2 $26.50, RFT, 9181-1303, Fort Wainwright Exchange, to be effective no earlier than 30 calendar days from your receipt of this advance notice.

3. The basis for this demotion is the abolishment of your position due to high personnel costs at the Fort Wainwright Service Station and the need to reduce positions no longer needed. Since there are no vacant positions or positions filled by probationary associates at your current grade of PB4/2 for which you are qualified, the only option is to propose this non-disciplinary action.

4. ✓ You were identified for this proposed action on the basis of your retention score on a reduction-in-force roster, which was prepared and executed in accordance with the above references.

5. ✓ Based on your age and years of service, you are eligible for an Involuntary Early Retirement and may choose this option in lieu of downgrade.    Attached is a retirement annuity estimate. Should you choose to retire, submit your request within the reply period prescribed in paragraph 8 below. This action is voluntary and not subject to appeal.

6. You have been in a position for at least one continuous year where the grade or rate of pay is higher than the highest level of the position to which you are being downgraded. Therefore, you are eligible for salary retention, not to exceed two years and not to exceed 150% of the maximum scheduled rate of pay authorized for the position you are being downgraded to. You are entitled to 100% of any pay adjustments resulting from revised salary or wage schedules for the new position that occur after the downgrade.

7. You may reply to this advance notice either orally and/or in writing and may submit affidavits or other documents in support of your reply. You have the right to representation, at your expense, to prepare and/or present your reply. Your oral response, should you choose to make one, will be summarized in a memorandum which you and I will both sign.

EXHIBIT 1

8. Your reply must be filed within 15 calendar days of your receipt of this notice of proposed action. If your written reply is mailed, it must be postmarked within the authorized 15-calendar day period. Upon your request and for good cause shown, I may extend the reply period up to additional 15 calendar days, not to exceed a total period of 30 calendar days from the date you receive this advance notice. Any reply received within the authorized reply period will be given full consideration before a final decision is made. I will make a written, final decision within 15 calendar days of my receipt of your reply; or if no reply is received within the authorized reply period, my written final decision will be made within 15 calendar days following expiration of the~~authorized reply period.~~

9. Request you acknowledge receipt of this letter by signing and dating in the space provided on the attached copy and returning it to this office.

TERESA OGNIBOL
General Manager
Fort Wainwright Exchange

I acknowledge receipt.

_____        APRIL 16, 2001
Signature                       Date

12-23. When an employee is removed from a temporary promotion in conjunction with a temporary assignment and returned to his/her permanent job, return the employee to his/her former rate of pay, and reapply any pay adjustments and annual performance increases received during the temporary promotion.

**NOTE: Temporary promotions can also be used to accommodate training assignments.**

## Demotion Due to Unsatisfactory Performance

12-24. Employees reassigned to a position in a lower band or from a position in the HDR level to a position in the LDR level of the same band due to unsatisfactory performance will be placed at the minimum rate of the band or level to which reassigned.

## Voluntary Demotion

12-25. An employee who requests a voluntary reassignment from an LDR position in one band to an HDR position in the next lower band or from an HDR position to an LDR position in the same band will be placed in the position with an 8% decrease in pay or at the minimum rate of the position, whichever decrease is less. If an 8% decrease in the employee's rate of pay exceeds the maximum rate of the lower band, place the employee at the maximum rate of the band. This decrease in pay also applies to demotions that occur as the result of a request for compassionate transfer.

12-26. Decreases in pay resulting from voluntary demotions will exceed 8% when the demotion involves placement in a job with a decrease of more than one level of responsibility. For example, an employee who requests a voluntary reassignment from an HDR position in one band to an HDR position in the next lower band, or from an LDR position in one band to an LDR position in the next lower band, will be placed in the position with a 16% decrease in pay or at the minimum rate of the band/level, whichever decrease is less. A voluntary demotion from an LDR position in one band to an HDR position two bands lower (e.g., Band 5(1) to Band 3(2)) would result in a 24% decrease in pay or to the minimum rate of the band/level, whichever decrease is less.

## Involuntary Demotion

12-27. When an employee is involuntarily reassigned to a position in a lower band due to RIF, reallocation or reclassification, the employee will be placed in the position at his/her current rate of pay. If the maximum rate of pay for the band is less than the employee's rate of pay and the employee meets the criteria for pay retention, he/she will be placed on pay retention in accordance with the policies and procedures for pay retention. If the employee is not eligible for pay retention, he/she will be placed at the maximum rate of pay for the band. These involuntary demotions from one band to a lower band require advance and final notices and the employee may appeal the final decision under the provisions of Chapter 6 of this EOP, or through the negotiated grievance procedure, as appropriate.

12-28. If within one year of the effective date of the demotion the employee is returned to the band from which demoted, it is not a promotion and there will be no change in the employee's base hourly rate.

12-29. If the employee is returned to the band from which demoted after one year, the action will be treated as a promotion.

## Reinstatement 

12-30. When a former PBP employee is reinstated, place the employee at an appropriate rate of pay, with consideration given to the employee's former band and rate of pay.

## PBP Position Classification

12-31. PBP positions are classified according to criteria outlined in the DoD NAF Payband System in DoD 1401.1-M, Personnel Policy Manual for Nonappropriated Fund Instrumentalities. AAFES-HR-L is responsible for maintaining classification standards and job descriptions in support of Performance-Based Pay.

EXHIBIT 2

**Employee Self Service**
**Retirement Calculator**

Employee Self Service | Resource Guide | HR Home | home

**? INVOLUNTARY EARLY RETIREMENT FOR NON-EMP EMPLOYEE** ✓

**NAME: RICHARD F REZNAK**   **SSN: 218604483**   **PREPARED ON: 16 April 2001**

**CREDITED YEARS OF SERVICE**

| | | | | | |
|---|---|---|---|---|---|
| DATE OF BIRTH: | 12 APR 1954 | AAFES: | 25.5994624 | V/L BAL: | 044.7 |
| RETIRE PART. DATE: | 26 SEP 1975 | MILITARY: | 0.000 | BASE HOURLY RATE: | $26.50 |
| SEPARATION DATE: | 30 APR 2001 | COMP. SICK LV: | 0.017 | VACATION PAYOFF: | $1,184.55 |
| ANNUITY START DATE: | 01 MAY 2001 | TOTAL SERVICE: | 25.616 | SICK LEAVE HOURS: | 0034.5 |
| AGE AT ANN. START DT: | 47.05 | HIGH THREE END DATE: | 30 APR 2001 | | |

| EFFECTIVE DATE | ANNUAL RATE | NBR OF DAYS | SALARY FOR PERIOD |
|---|---|---|---|
| 06 JAN 2001 | $55,306.00 | 0115 | $17,425.18 |
| 08 JUL 2000 | $53,865.00 | 0182 | $26,858.71 |
| 08 JAN 2000 | $52,801.00 | 0182 | $26,328.17 |
| 10 JUL 1999 | $50,881.00 | 0182 | $25,370.80 |
| 09 JAN 1999 | $49,879.00 | 0182 | $24,871.17 |
| 11 JUL 1998 | $48,398.00 | 0182 | $24,132.70 |
| 10 JAN 1998 | $47,229.00 | 0070 | $9,057.62 |

SOCIAL SECURITY AWARD ESTIMATE: $13,620.00 ✓
BASIC ANNUITY W/O REDUCTIONS: $24,568.59
REDUCTS TO BASIC ANNUITY:
    AGE/SVC OFFSET REDUCTION: $3,904.56
BASIC ANNUITY (BEFORE 62) $20,664.03
    SOCIAL SECURITY OFFSET REDUCTION: $8,722.25
BASIC ANNUITY (AFTER 62) $11,941.78

TOTAL ACCUMULATED SALARY & V/L PAYOFF   $155,228.90
HIGH-3 AVERAGE SALARY   $51,742.96

**FINAL AAFES RETIREMENT ANNUITY INCOME:**

| | MONTHLY | ANNUAL |
|---|---|---|
| ANNUITY PRIOR TO AGE 62: | $1,722.00 | $20,664.00 |
| ANNUITY AFTER AGE 62: | $995.15 | $11,941.80 |

***THIS IS ONLY AN ESTIMATE...YOUR ACTUAL ANNUITY MAY VARY***